UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                                          Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                        Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                                        Debtor.

---------------------------------------------------------------x

### ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO OPERATE THE DEBTOR'S BUSINESS AND PAY <u>CERTAIN OPERATING EXPENSES OF THE ESTATE AND RELATED RELIEF</u>

Upon the motion ("<u>Motion</u>")[1] (ECF Doc. # 10) of Salvatore LaMonica, solely in his capacity as interim Chapter 7 Trustee ("<u>Trustee</u>") of the Debtor's Estate, BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT, fdba BMT DAS US, by his proposed counsel, LaMonica Herbst & Maniscalco, LLP ("<u>LHM</u>"), seeking the entry of an Order, pursuant to Bankruptcy Code sections 105(a), 541, 542 and 721, authorizing the Trustee to operate the Debtor's business and pay certain expenses, on an interim basis, from funds in the Estate to wind down the Debtor's operations, collect the substantial accounts receivable, preserve the Debtor's books and records and other assets and direct the turnover of property of the Estate as set forth herein, *nunc pro tunc*, to February 2, 2022 through and including May 2, 2022, without prejudice to seek to further extend such time, and for related relief; and upon the *ex parte* motion seeking, <u>inter alia</u>, a hearing on shortened and limited notice of the Motion, along with the affirmation of Jacqulyn S. Loftin, Esq. pursuant to Bankruptcy Rule 9077 filed concurrently with the Motion; and upon the Order scheduling a hearing on shortened and limited notice of the Motion ("<u>Scheduling Order</u>") (ECF Doc. # 9); and upon the video hearing having been held before the Court on February 16, 2022 at 10:00 a.m. ("<u>Hearing</u>"), the record of which is incorporated herein by reference; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and there having been no objections to the relief sought in the Motion raised at the Hearing;

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Scheduling Order with the affidavit of service having been file with the Court (ECF Doc. # 11); and no objections to the relief requested in the Motion having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Estate, and its creditors and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is granted as set forth herein; and, it is further

ORDERED, that the Trustee is authorized to operate the Debtor's business and pay the necessary expenses for an interim period, *nunc pro tunc*, to February 2, 2022 through and including May 2, 2022, without prejudice to seek further extensions of such authority; and, it is further

ORDERED, that the Trustee is authorized, as he deems necessary, to hire the Debtor's former officers and employees as independent contractors to assist with the wind down of the Debtor's business, including, but not limited to, the collection of the outstanding accounts receivable and analyze the Debtor's contracts; and, it is further

ORDERED, the Trustee is authorized maintain the Debtor's Operating Account at Truist Financial Corporation open for an interim period of time and to sweep any funds that are paid into the Debtor's Operating Account into the Estate's account until May 2, 2022; and, it is further

ORDERED, that the Trustee is authorized to pay the necessary expenses required to wind down the Debtor's business and preserve the Debtor's books and records, including, but not limited to the six-month license agreement with Deltek, Inc. in the amount of $15,000 and the transition cost to Cybersheath, Inc. in the amount of $5,000, plus the monthly maintenance fee going forward to electronically store the Debtor's books and records; and, it is further

ORDERED, that all of the Debtor's employees or any other third party in possession, custody or control of one of the Debtor's laptops is directed to turn over the laptop(s) to the Trustee and his retained professionals; and, it is further

ORDERED, that Fidelity Investments is directed to provide the Trustee and his professionals, and ERISA counsel, Smith Downey, P.A. (Sandi Russell, Esq.) to access to the Debtor's Defined Contribution Plan maintained at Fidelity Investments ("Plan"); and it is further,

ORDERED, that the Trustee shall promptly file an application to retain special ERISA counsel if necessary to administer the Plan; and it is further

ORDERED, that, pursuant to Bankruptcy Code section 704(8), the Trustee shall prepare and file monthly operating business reports on the appropriate form issued by the U.S. Trustee; and it is further

ORDERED, that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order; and, it is further

ORDERED, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated:  February 17, 2022
          New York, New York

　　　　　　**/s/ Martin Glenn**
          MARTIN GLENN
          United States Bankruptcy Judge