Salvatore LaMonica, Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                    Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                      Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                Debtor.
---------------------------------------------------------------x

**APPLICATION AUTHORIZING AND APPROVING THE RETENTION OF MALTZ AUCTIONS, INC., D/B/A MALTZ AUCTIONS, AS AUCTIONEER AND CUSTODIAN TO THE CHAPTER 7 TRUSTEE**

The application ("Application") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), seeking the entry of an Order authorizing and approving the retention of Maltz Auctions, Inc., d/b/a Maltz Auctions ("Firm"), as the Trustee's auctioneer to market for sale and sell the Debtor's assets and custodian to remove and store assets of the Debtor's estate, and respectfully represents and alleges:

**BACKGROUND**

**A.**    **Procedural Background**

1.    On February 1, 2022 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Court").

2.    Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtor's estate, has duly qualified and is the permanent Trustee of the Debtor's estate.

1

3. The Debtor's headquarters are located at 2900 South Quincy Street, Suite 210, Arlington, Virginia 22206 ("Premises"). The Debtor ceased operations on January 31, 2022.

4. On February 14, 2022 ("Retention Date"), the Trustee requested that the Firm represent him as his auctioneer and custodian, and at the Trustee's request, the Firm began providing services to the Trustee as of the Retention Date.

**B.  Factual Background**

5. Prior to the Filing Date, the Debtor operated as a maritime-oriented high-end design house and technical consulting firm which provided engineering and consulting services under various service contracts, many of which were with the branches of the United States Military (*i.e.* United States Army, Navy and Coast Guard). Indeed, much of the Debtor's business involved commercial and military vessels designed under existing government contracts, which also required the engagement of multiple subcontractors by the Debtor under various subcontractor agreements.

6. Upon the Trustee's investigation, the Trustee discovered that there are approximately 180 laptop computers in the possession of the Debtor's former employees, which must be secured and stored properly because some of them contain control unclassified information. Pursuant to an Order ("Order") entered on February 17, 2022 [dkt. no. 147], the Court directed any all employees or any other third parties to turn over the Debtor's laptops to the Trustee. After entry of the Order, the Trustee sent a notice and the Order to all former employees with instructions on how to return the laptops. The Firm has been the custodian of these laptops on behalf of the Trustee to ensure they are securely stored.

7. In addition, the Firm travelled to the Debtor's Premises and assisted the Trustee with removal of critical books and records, including, but not limited to, records that contain

employee personal identification information ("PII") and controlled unclassified information ("CUI"). In addition to storing the PII and CUI information, the Firm has agreed to store all of the Debtor's financial records, which the Trustee removed from the Debtor's Premises and consists of approximately 20-25 filing cabinets of financial records for the last 7-10 years.

8. Additionally, in the Trustee's investigation, the Trustee discovered that the Debtor owns three vehicles all of which have no liens on them, a Geo Probe and model ship vessels (collectively, "Assets"). The Firm has analyzed the value, and determined there would be a benefit to the estate if these Assets were sold at an auction.

9. Accordingly, the Trustee seeks to retain the Firm to act as the Trustee's custodian to store the Debtor's laptops and its books and records, as well as act as the Trustee's auctioneer to sell the Assets.

## **RELIEF REQUESTED**

10. The Trustee has selected the Firm because he believes that the Firm has the required bankruptcy experience in matters of this character and is well qualified to represent him as his custodian and auctioneer in this case. The Firm is a leader in the field and has a full-service team of professionals available to assist the Trustee, as necessary.

11. The Trustee will ensure that the Firm works closely with the Trustee and any other professionals the Trustee has retained or may retain in this case to ensure that there is no duplication of services performed or charged to the Debtor's estate.

12. The Trustee has determined that it is necessary to employ the Firm to assist him with his fiduciary obligations in this case.

13. In connection with the removal of and securing the Debtor's laptop computers and the Debtor's books and records, the Trustee seeks to employ the Firm on an hourly basis. The Firm

will maintain time records on a general daily basis and in increments of one-tenth of any hour. As set forth in the Affidavit, the current hourly rates charged by the Firm for professional services are as follows:

> Richard Maltz-$495.00 discounted to $425.00;
> Noelle Bender-$195.00 discounted to $145.00;
> Robert Gangi-$195.00 discounted to $145.00;
> Debra Donovan-$195.00 discounted to $145.00;
> David Constantino-$195.00 discounted to $145.00;
> Richard Suss-$135.00 discounted to $105.00;
> Keith Dill-$105.00 discounted to $85.00;
> Daniel Fisher-$105.00 discounted to $85.00;
> CJ Suss-$105.00 discounted to $85.00;

14. In connection with the storage of the Debtor's laptop computers and the Debtor's books and records, the Firm shall be compensated with a monthly rate of $.57 each month, plus reimbursement of necessary expenses including, but not limited to, moving expense, travel and retrieval fees which are subject to prior approval of the Trustee. The storage rate and related charges are customary and comparable to rates charged by other storage facilities.

15. In connection with the sale of the Debtor's Assets, the Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its commissions and expenses and shall be subject to Bankruptcy Code section 330 and 331, the Bankruptcy Rules, the Local Rules, including Local Bankruptcy Rule 6005-1 and applicable law.

16. The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedures, the Local Bankruptcy Rules, orders of this Court, and the Guidelines of the United States Trustee. Compensation will be payable to the Firm

in compliance with the above rules, on an hourly basis, plus reimbursement of its actual and necessary expenses.

17. To the best of the Trustee's knowledge, the Firm has no connection with any party in interest in this case.

18. To the best of the Trustee's knowledge, the Firm does not hold or represent an interest adverse to the Debtor's estate.

19. To the best of the Trustee's knowledge, the Firm is "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that the Firm: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any reason.

20. Prior to the Retention Date, the Firm did not render any auctioneer or custodian services to the Trustee in this case.

21. No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests the entry of an order authorizing and approving the retention of the Firm as auctioneer or custodian to the Trustee effective as of the Retention Date.

Dated: March 10, 2022
      Wantagh, New York

                                      By:    *s/ Salvatore LaMonica*
                                                    Salvatore LaMonica, Chapter 7 Trustee of the Debtor's estate