UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                                  Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                                          Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                             Debtor.
---------------------------------------------------------------x

## ORDER AUTHORIZING AND APPROVING THE RETENTION OF MALTZ AUCTIONS, INC. D/B/A MALTZ AUCTIONS, AS AUCTIONEER AND CUSTODIAN TO THE CHAPTER 7 TRUSTEE

Upon the application ("Application")[1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P fdba BMT fdba BMT DAS US ("Debtor"), seeking entry of an Order of the Court authorizing and approving the retention of Maltz Auctions, Inc. d/b/a Maltz Auctions ("Firm"), as the Trustee's auctioneer to market for sale and sell the Debtor's Assets and custodian to remove and store assets of the Debtor's estate; and upon the affidavit ("Affidavit") of Richard B. Maltz, which is annexed to the Application; and upon the Court having been satisfied that the Firm neither represents nor holds any interest adverse to the Trustee or to the estate; (ii) the Firm is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14); and (iii) the retention of the Firm is necessary and would be in the best interests of the Debtor's estate; it is now hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the definitions escribed to them in the Application.

**ORDERED**, that in accordance with Bankruptcy Code section 327(a), the Trustee is authorized and approved to retain the Firm to market for sale and sell the Debtor's Assets; and it is further,

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that in accordance with Bankruptcy Code section 327(a), the Trustee is authorized and approved to retain the Firm as his custodian to remove and store assets of the Debtor's estate; and, it is further,

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that in connection with the sale of the Debtor's Assets, subject to a hearing in front of this Court, the Firm shall be compensated in accordance with and will file interim and final fee applications for allowance of its commissions and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, including Local Bankruptcy Rule 6005-1 and applicable law; and it is further

**ORDERED**, that in connection with the removal of and securing the Debtor's laptop computers and the Debtor's books and records, subject to a hearing in front of this Court, the Trustee seeks to employ the Firm on an hourly basis as set forth in the Affidavit; and it is further is further

**ORDERED**, that prior to any increases in the Firm's rates for any individual employed by the Firm and providing services in this case, the Firm shall file a supplemental affidavit ("Supplemental Affidavit") with the Bankruptcy Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The Supplemental Affidavit shall

explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330; and it is further

**ORDERED**, that in connection with the storage of the Debtor's laptop computers and the Debtor's books and records, subject to a hearing in front of this Court, the Firm shall be compensated with a monthly rate of $.57 each month, plus reimbursement of necessary expenses including, but not limited to, moving expense, travel and retrieval fees which are subject to prior approval of the Trustee; and, it is

**IT IS SO ORDERED.**

Dated: March 11, 2022
       New York, New York

                                          **/s/ Martin Glenn**
                                          MARTIN GLENN
                                          Chief United States Bankruptcy Judge

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2

By     *s/ Andrea B. Schwartz*
       Andrea B. Schwartz, Trial Attorney