UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                                          Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                      Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                Debtor.

------------------------------------------------------------x

## STIPULATION AND ORDER BETWEEN
## TRUSTEE AND MANTECH SRS TECHNOLOGIES, INC.

This stipulation ("Stipulation") is entered into by and between ManTech SRS Technologies, Inc. ("ManTech") and Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee", collectively with ManTech, the "Parties") for BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor" and the "Debtor Estate");

WHEREAS, on December 23, 2021, ManTech, as prime contractor, and the Debtor, as subcontractor, entered into that certain Indefinite Delivery Indefinite Quantity (IDIQ) Subcontract No. 31185-21-FP-I-20796 ("IDIQ Subcontract") related to that certain Firm Fixed Price Federal Contract No. N6247321D2212 ("Prime Contract") awarded to ManTech, as prime contractor, by the United States Department of the Navy ("Government");

WHEREAS, also on December 23, 2021 and as contemplated under the terms of the IDIQ Subcontract, ManTech issued Task Order No. 31185-21-FP-T-21436 ("Task Order", collectively with the IDIQ Subcontract, the "Debtor Contract") to the Debtor for the performance of certain services required under the IDIQ Subcontract;

WHEREAS, on February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (as amended, "Bankruptcy Code") in the United States Bankruptcy Court, Southern District of New York ("Court");

1

WHEREAS, on or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Debtor Estate, has since duly qualified and is the permanent Trustee administering the Debtor Estate;

WHEREAS, on February 11, 2022, the Trustee filed a *Motion for the Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a), 541, 542, and 721, Authorizing the Chapter 7 Trustee to Operate the Debtor's Business and Pay Certain Operating Expenses of the Estate, to Direct the Turnover of Property of the Debtor's Estate and Granting Related Relief* [Dkt. 10] ("Trustee's Operations Motion") seeking to operate the Debtor's business for limited purpose of winding-down its affairs;

WHEREAS, to mitigate damages and minimize any potential claims that may be made by ManTech against the Debtor Estate, rejection of the Debtor Contract and modification of the automatic stay is warranted; and

WHEREAS, the Trustee has determined, in the sound exercise of his business judgment, that rejection of the Debtor Contract pursuant to the terms and conditions hereof is in the best interests of the Debtor Estate.

NOW, THEREFORE, BASED UPON THE FOREGOING RECITALS, the Trustee, on behalf of the Debtor Estate, and ManTech hereby stipulate and agree as follows:

1. The foregoing recitals are incorporated by reference and the Parties agree to the accuracy thereof.

2. The Debtor Contract is deemed rejected as of the date of entry of this Order pursuant to § 365 of the Bankruptcy Code.

3. The automatic stay under § 362 of the Bankruptcy Code is hereby modified to permit and authorize, but not obligate or require ManTech to: (a) terminate the Debtor Contract;

2

and (b) take appropriate action to facilitate and/or take over completion of the required work under the Debtor Contract.

4. Upon execution this Stipulation, ManTech shall pay to the Trustee, on behalf of the Debtor Estate, the outstanding amount of $993.52 in full and final satisfaction of the outstanding services rendered by the Debtor on behalf of ManTech under the Debtor Contract ("Account Receivable").

5. Upon the Court's approval of this Stipulation and upon payment and clearance of the Account Receivable, the Parties agree to waive any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which each of the Parties had, have, may ever have, or may ever claim to have, against each other, including but not limited to any claims relating in any manner whatsoever to, arising in or in connection with the Debtor Contract and/or the Debtor's estate, notwithstanding ManTech's right to file a general unsecured claim in the Debtor Estate on account of rejection damages, if any, pursuant to Bankruptcy Code section 365 no later than the Court established bar date of May 31, 2022, and a reservation of rights by the Trustee to object to any such claim if the Trustee, in his business judgment, deems necessary

6. This Stipulation may be executed in any number of counterparts, any and all of which shall be deemed to be original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

Dated: March 10, 2022
Wantagh, New York

**LAMONICA, HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, solely in his
Capacity as the Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.650
jsl@lhmfirm.com


Dated: March 10, 2022
McLean, Virginia

**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
Counsel for ManTech SRS Technologies, Inc.

By: *s/ Jennifer L. Kneeland*
Jennifer L. Kneeland (admitted *pro hac vice*)
Marguerite L. DeVoll (admitted *pro hac vice*)
1765 Greensboro Station Place, Ste. 1000
McLean, Virginia 22102
(703) 749-1000 (telephone)
(703) 893-8029 (facsimile)
jkneeland@watttieder.com
mdevoll@watttieder.com

**IT IS SO ORDERED on the __ day of April, 2022**

_____

Honorable Martin Glenn
Chief United States Bankruptcy Judge

4