Salvatore LaMonica, Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                              Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                                     Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                        Debtor.
------------------------------------------------------------------x

## APPLICATION AUTHORIZING AND APPROVING THE RETENTION OF DEMASCO SENA & JAHELKA, LLP, AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE

The application ("Application") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), seeks entry of an Order of authorizing and approving the retention of Demasco Sena & Jahelka, LLP ("DSJ"), as accountants to the Trustee, and respectfully represents and alleges:

## BACKGROUND

**A.      Procedural Background**

1.      On February 1, 2022 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Court").

2.      Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtor's estate, has duly qualified and is the permanent Trustee of the Debtor's estate.

3.      The Debtor's headquarters are located at 2900 South Quincy Street, Suite 210, Arlington, Virginia 22206.

1

4.      The Debtor ceased operations on January 31, 2022.

**B.      <u>Factual Background</u>**

5.      Prior to the Filing Date, the Debtor operated as a maritime-oriented high-end design house and technical consulting firm which provided engineering and consulting services under various service contracts, many of which were with the branches of the United States Military (*i.e.* United States Army, Navy and Coast Guard). Indeed, much of the Debtor's business involved commercial and military vessels designed under existing government contracts, which also required the engagement of multiple subcontractors by the Debtor under various subcontractor agreements (collectively "<u>Contracts</u>").

6.      The Trustee has been advised that there is approximately $4 million in outstanding accounts receivable owed to the estate on account of existing contracts (*i.e.* government contracts) as of the Filing Date. To that end, the Trustee seeks to retain DSJ to assist with the collection of these outstanding accounts receivable and to perform the requisite accounting services in connection with the collection of the Debtor's accounts receivable, including, but not limited to, performing true-ups of the outstanding amounts owed, any potential offsets and the amounts collected.

7.      On February 9, 2022 ("<u>Retention Date</u>"), the Trustee requested that DSJ represent him as his accountants, and at the Trustee's request, DSJ began providing accounting services to the Trustee as of the Retention Date.

**<u>RELIEF REQUESTED</u>**

8.      By this Application, the Trustee seeks to employ DSJ as his accountants in this case effective as of the Retention Date, to prepare the required State, Federal and local tax returns required to be filed by the estate, to assist with the collection of these outstanding accounts

receivable and to perform the requisite accounting services in connection with the collection of the Debtor's accounts receivable, including, but not limited to, performing true-ups of the outstanding amounts owed, any potential offsets and the amounts collected, and to assist with the services set forth in paragraph 11.

9.      The Trustee has determined that it is necessary to employ accountants to assist him with his fiduciary obligations in this case.

10.     DSJ has a long-standing working relationship the Trustee's counsel, LaMonica Herbst & Maniscalco, LLP ("LH&M"), including ongoing matters (in addition to this matter) with two other Partners at LH&M. DSJ has worked specifically with both LH&M and the Trustee in the past on bankruptcy matters, allowing us to leverage our knowledge of LH&M's case strategy and work product to work collaboratively and efficiently. Additionally, DSJ has historically had a lower blended rate in past bankruptcy cases, allowing funds to be primarily used to return to the creditors.

11.     DSJ is a Long Island based accounting firm with subject matter expertise in forensic accounting, litigation support, and expert witness testimony services. DSJ has performed forensic investigations and litigation support in multiple industries, including SEC matters, financial services, food & beverage, and others. In addition, multiple members of DSJ have experience with government contract work, including the Deltek software used by the Debtor. Bob Jahelka, the Firm's Managing Partner, has previously served as a Trustee for matters that LH&M has served as Counsel on and currently serves as a testifying expert witness in four ongoing forensic cases, including two bankruptcy matters.

12.     In support of the Application, the Trustee submits the annexed affidavit of Bob Jahelka, CPA (the "Affidavit").

13.     Subject to further Order of this Court and without limitation, DSJ will render the following services to the Trustee and the Debtor's estate:

i.     Preparing the tax returns, forms and reports required to be filed by the Debtor including, but not limited to, Federal and multiple state income tax returns, complying with foreign reporting requirements, sales and use tax returns, employment tax returns and other local personal property tax returns;

ii.     Reviewing previously filed Federal, state and local income tax returns;

iii.     Perform the requisite accounting services in connection with the collection of the Debtor's accounts receivable, including, but not limited to, performing true-ups of the outstanding amounts owed, any potential offsets and the amounts collected;

iv.     Reviewing and analyzing tax issues as they may arise;

v.     Reviewing notice received from the Internal Revenue Service and other state or local tax authorities; and

vi.     Performing such other accounting services as the Trustee may deem necessary herein.

14.     The Trustee has selected DSJ because of its excellent reputation and expertise in matters of this nature. As more fully set forth in the Affidavit, DSJ has expertise in bankruptcy and insolvency proceedings and can assist the Trustee with fulfilling his financial obligations on behalf of this estate.

15.     The Trustee seeks to employ DSJ on an hourly basis. As set forth in the Affidavit, the current hourly rates charged by DSJ for professional services are as follows:

| | |
|---|---|
| Partner | $ 355 |
| Manager | $ 310 |
| Supervisor | $ 265 |
| Senior Associate | $ 235 |
| Associate | $ 220 |
| Bookkeeper | $ 160 |

4

Support Staff          $ 140

16.     As further set forth in the Affidavit, DSJ will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and Orders of the Court.

17.     To the best of the Trustee's knowledge, DSJ has no connection with any party in interest in this case.

18.     To the best of the Trustee's knowledge, DSJ does not hold or represent an interest adverse to the Debtor's estate.

19.     To the best of the Trustee's knowledge, DSJ is "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that DSJ: (a) is not a creditor, an equity security holder, or an insider of the Debtor; (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any reason.

20.     Prior to the Retention Date, DSJ did not render any accounting services to the Trustee in this case.

21.     No previous application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests the entry of an order authorizing and

approving the retention of DSJ as accountants to the Trustee effective as of the Retention Date.

Dated: March 10, 2022
      Wantagh, New York

By:    *s/ Salvatore LaMonica*
       Salvatore LaMonica, Chapter 7 Trustee of the
       Debtor's estate