UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                                          Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                                 Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

          Debtor.

---------------------------------------------------------------x

### ORDER AUTHORIZING AND APPROVING THE RETENTION OF DEMASCO SENA & JAHELKA, LLP, AS ACCOUNTANTS TO THE CHAPTER 7 TRUSTEE

Upon the application (the "Application")[1] of Salvatore LaMonica, solely in his capacity as the interim Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P fdba BMT fdba BMT DAS US (the "Debtor"), seeking entry of an Order of the Court authorizing and approving the retention of Demasco Sena & Jahelka, LLP ("DSJ"), as accountants to the Trustee, effective as of February 9, 2022; and upon the affidavit of Bob Jahelka, CPA, which is annexed to the Application; and upon the Court having been satisfied that DSJ neither represents nor holds any interest adverse to the Trustee or to the estate; (ii) DSJ is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14) (the "Bankruptcy Code"); and (iii) the retention of DSJ is necessary and would be in the best interests of the Debtor's estate; it is now hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that in accordance with Bankruptcy Code section 327(a), the Trustee is authorized and approved to retain DSJ as his accountants to provide the following services:

    i.    Preparing the tax returns, forms and reports required to be filed by the Debtor including, but not limited to, Federal and multiple state income tax returns,

---

[1] Capitalized terms not otherwise defined herein shall have the definitions escribed to them in the Application and Affidavit.

      complying with foreign reporting requirements, sales and use tax returns, employment tax returns and other local personal property tax returns;

  ii.    Reviewing previously filed Federal, state and local income tax returns;

  iii.    Perform the requisite accounting services in connection with the collection of the Debtor's accounts receivable, including, but not limited to, performing true-ups of the outstanding amounts owed, any potential offsets and the amounts collected;

  iv.    Reviewing and analyzing tax issues as they may arise;

  v.    Reviewing notice received from the Internal Revenue Service and other state or local tax authorities; and

  vi.    Performing such other accounting services as the Trustee may deem necessary herein; and, it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that DSJ shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

[*Remainder of page intentionally left blank*]

**ORDERED**, that prior to any increases in DSJ's rates for any individual employed by DSJ and providing services in this case, DSJ shall file a supplemental affidavit with the Bankruptcy Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy section 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330.

NO OBJECTION:

William K. Harrington
United States Trustee for Region 2

By      *s/ Andrea B. Schwartz*
         Andrea B. Schwartz, Trial Attorney

**IT IS SO ORDERED.**

Dated:  March 18, 2022
        New York, New York

                                          **/s/ Martin Glenn**
                                          MARTIN GLENN
                                          Chief United States Bankruptcy Judge