UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                                                    Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                          Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

          Debtor.

------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN TRUSTEE AND THE LANDLORD, SHIRLINGTON TOWER PROPERTY OWNER, LLC, TO REJECT THE LEASE FOR THE COMMERCIAL SPACE LOCATED IN ARLINGTON, VIRGINIA AND FOR RELATED RELIEF**

This stipulation ("Stipulation") is entered into by and between Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), and the landlord, Shirlington Tower Property Owner LLC ("Landlord", along with the Trustee, are "Parties") to reject the lease for the commercial space known as Suite 210, in the building known as Shirlington Tower, located at 2900 South Quincy Street, Arlington, Virginia 22206 ("Premises"), and for related relief as set forth herein.

## RECITALS

**i.    Procedural Background**

1.    On February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (as amended, "Bankruptcy Code") in the United States Bankruptcy Court, Southern District of New York ("Court").

2.    On or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Estate, has since duly qualified and is the permanent Trustee administering the Estate.

3. The last day to file claims against the Estate is May 31, 2022 ("Bar Date").

**ii.    The Premises Lease**

4. Prior to the Petition Date, on or about May 9, 2019, the Debtor entered a Deed of Lease ("Lease") with respect to the Premises, with Velocis Moore Shirlington, LP, as first amended on or about June 12, 2019, and as assigned to the Landlord.

5. Pursuant to the terms of the Lease, the Debtor was obligated to, and did provide, a security deposit in the amount of $30,441.48 ("Security Deposit"), which the Landlord is currently holding in its possession.

6. The monthly rental obligations owed by the Debtor to the Landlord under the terms of the Lease is $32,554.43, exclusive of late charges ("Monthly Rental Obligations").

7. The Debtor was current in its Monthly Rental Obligations for the pre-petition period under the Lease.

8. The Monthly Rental Obligations for the post-petition period starting on the Petition Date of February 1, 2022 going forward (as of March 16, 2022) are $66,719.09 plus late charges for February and March 2022 of $3,239.70, and those amounts remain outstanding ("Post-Petition Monthly Rental Obligations").

9. The Trustee has removed all of the Debtor's assets from the Premises, but for the Debtor's office furniture, which consists primarily of desks and chairs ("Furniture").

10. The Trustee, with the assistance of his retained professionals, has assessed the Furniture and has determined it has nominal value and the cost to store and sell the Furniture is greater than its value.

11. The Trustee has determined, in the sound exercise of his business judgment, that rejection of the Lease pursuant to the terms and conditions hereof is in the best interest of the Estate

and its creditors, in order to mitigate damages and minimize any potential claims that may be made by the Landlord against the Estate.

12. The Trustee now seeks to reject the Lease as set forth herein.

## **TERMS AND CONDITIONS**

13. The recitals above are incorporated by reference as if set forth at length herein and the Parties agree to the accuracy thereof.

14. The Lease shall be deemed rejected pursuant to Bankruptcy Code section 365 as of the date of execution of this Stipulation.

15. The automatic stay imposed under Bankruptcy Code section 362 is hereby modified to the extent necessary to permit the Parties to enter into this Stipulation and to carry out each of the terms and conditions set forth herein.

16. Upon the Court so-ordering this Stipulation, the Landlord shall retain the Security Deposit in full and final satisfaction of all Post-Petition Monthly Rental Obligations, subject to the Landlord's right to file a Proof of Claim for rejection damages as provided in Section 20 hereto.

17. Upon the Court so-ordering this Stipulation, the Trustee waives any and all interests the Estate may have in and to the Lease and the Furniture.

18. Upon the Court so-ordering this Stipulation, the Furniture shall no longer be deemed property of the Estate, and the Landlord shall be entitled to retain the Furniture.

19. Upon the Court so-ordering this Stipulation, and except as provided in Section 20 hereto, the Parties agree to waive any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which each of the Parties had, have,

may ever have, or may ever claim to have, against each other, including but not limited to any claims relating in any manner whatsoever to, arising in or in connection with the Lease, including but not limited to, a Chapter 7 administrative claim by the Landlord.

20. Notwithstanding the foregoing: (a) the Landlord reserves the right to file a general unsecured claim against the Estate for rejection damages, if any, pursuant to Bankruptcy Code section 365, provided the Landlord files the proof of claim by the Bar Date, and the Trustee reserves the right to object to such claim; and (b) the release in Section 19 hereto does not include, and will not be construed to include, the release by Landlord of claims against any of the Debtor's insurance carrier(s) or policy(ies) for events or conduct that occurred on the Premises prior to the Petition Date, provided such claims are limited solely to such insurance carrier(s) and/or policy(ies) and provided further that the Trustee shall have no obligation to take part in, spend time on, or expend any assets of Debtor's estate in connection with any claims on account of events or conduct that occurred on the Premises prior to the Petition Date.

21. If the Court does not approve this Stipulation, then the Stipulation shall be deemed null and void and of no force and effect, and the Parties to this Stipulation shall retain all rights, claims and/or defenses that they may have against each other.

22. This Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

23. This Stipulation may be executed in any number of counterparts, any and all of which shall be deemed to be original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

Dated: March 21, 2022  **LaMONICA HERBST & MANISCALCO, LLP**
Wantagh, New York  Counsel to Salvatore LaMonica, Chapter 7 Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
jsl@lhmfirm.com
cl@lhmlawfirm.com

Dated: March 21, 2022  **GREENSTEIN DeLORME & LUCHS, P.C.**
Washington, D.C.  Counsel to Shirlington Tower Property Owner, LLC,

By: s/ James D. Sadowski
James D. Sadowski, Esq.
Greenstein DeLorme & Luchs, P.C.
801 17th Street, N.W., Suite 1000
Washington, D.C. 20006
Phone: 202.452.1400, x5407
E-mail: jds@gdllaw.com

**SO ORDERED**, on the __ day of March, 2022

_____
Honorable Martin Glenn
Chief United States Bankruptcy Judge