**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
Telephone: (516) 826-6500  
Jacqulyn S. Loftin, Esq.  
Cristina M. Lipan, Esq.  

**Hearing Date: April 20, 2022 at 2:00 p.m.**  
**Objection Deadline: April 13, 2022 by 5:00 p.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------x

In re:                                                              Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                 Case No. 22-10123 (MG)  
fdba BMT D&P, fdba BMT fdba BMT DAS US,

           Debtor.  
------------------------------------------------------------x

## NOTICE OF HEARING ON CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS THROUGH AND INCLUDING JUNE 3, 2022

**PLEASE TAKE NOTICE,** that on **Wednesday, April 20, 2022 at 2:00 p.m.** or as soon thereafter as counsel may be heard, a hearing ("Hearing") shall be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, on the motion of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US, by and through his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to 11 U.S.C. § 365(d) ("Bankruptcy Code"), extending the Trustee's time to assume or reject executory contracts of the Debtor for a period of sixty (60) days from April 4, 2022 through and including June 3, 2022, and for such other, further and different relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted by Zoom for Government®. See Chief Judge Glenn's chambers page on the Court website for information on how to make an eCourtAppearance and the link to do so: http://www.nysb.uscourts.gov/content/judge-martin-glenn. Please note that appearances must be

entered by 4:00 p.m. one business day before the Hearing.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Federal of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, counsel to the Trustee, no later than **Wednesday, April 13, 2022 by 5:00 p.m.** as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, and in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that if no objections are timely filed, the Court may enter an Order granting the relief requested in the Motion without holding the Hearing.

Dated:  March 30, 2022            **LaMONICA HERBST & MANISCALCO, LLP**
        Wantagh, New York            Counsel to Salvatore LaMonica, Trustee

            By:   *s/ Jacqulyn S. Loftin*
                 Jacqulyn S. Loftin, Esq.
                 Cristina M. Lipan, Esq.
                 3305 Jerusalem Avenue, Suite 201
                 Wantagh, New York 11793
                 Telephone: 516.826.6500

**LaMonica Herbst & Maniscalco, LLP**  
3305 Jerusalem Avenue, Suite 201  
Wantagh, New York 11793  
Telephone: (516) 826-6500  
Jacqulyn S. Loftin, Esq.  
Cristina M. Lipan, Esq.  

Hearing Date: April 20, 2022 at 2:00 p.m.  
Objection Deadline: April 13, 2022 by 5:00 p.m.

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------x

In re:                                                                              Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                           Case No. 22-10123 (MG)  
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                Debtor.  
----------------------------------------------------------------x

### CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUAN TO 11 U.S.C. § 365(d), EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS THOUGH AND INCLUDING JUNE 3, 2022

TO THE HONORABLE MARTIN GLENN,  
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), by and through his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion") seeking the entry of an Order, pursuant to 11 U.S.C. § 365(d) ("Bankruptcy Code"), extending the Trustee's time to assume or reject executory contracts of the Debtor for a period of sixty (60) days from April 4, 2022 through and including June 3, 2022, and for such other, further and different relief as the Court may deem just and proper, and respectfully sets forth and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are Bankruptcy Code sections 105(a) and 365(d), Rule 6006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 6006-1, 9006-1(b) and 9006-2 of the Local Rules of Bankruptcy Procedure for the Southern District of New York ("Local Rules").

## BACKGROUND

**A.     Procedural Background**

3. On February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York ("Court").

4. On or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Estate, has since duly qualified and is the permanent Trustee administering this Estate.

5. On February 17, 2022, this Court entered an Order Authorizing the Chapter 7 Trustee to Operate the Debtor's Business and Pay Certain Operating Expenses of the Estate pursuant to Bankruptcy Code section 721[dkt. no. 17].

6. The last day to file claims against the Estate is May 31, 2022.

7. Pursuant to Bankruptcy Code section 365(d)(1), the time for the Trustee to assume or reject executory contracts expires on April 4, 2022.[1]

---

[1] April 2, 2022 is a Saturday, and therefore, pursuant to Bankruptcy Rule 9006(a), the time to assume or reject executory contracts is extended to Monday, April 4, 2022.

2

**B.      The Factual Background**

8. Prior to the Petition Date, the Debtor operated as a maritime-oriented high-end design house and technical consulting firm. The Debtor's three core business areas of service were engineering, asset performance, and environmental/consulting services. In general, the Debtor's role was either acting as general contractor with the prime contract with a branch of the United States government or as subcontractor to a third-party, who on turn had the prime contract with the government. Specifically, these prime contracts, in which the Debtor was either a contractor or subcontractor, were directly with a branch of the United States Government (*i.e.* Department of Defense for contracts involving the United States Navy and Army, the Department of Homeland Security for contracts involving the United States Coast Guard, or the Department of Agriculture) or with a commercial shipyard in support of a Department of Defense or Department of Homeland Security prime contract.

9. As of the Petition Date, the Debtor was party to more than 100 contracts which included approximately 65 contracts where the Debtor was performing work for a customer as the general contractor and more than 30 subcontracts where the Debtor acted as the subcontractor.

10. The Trustee has been in communication with some of the parties in which the Debtor was either a subcontractor or contractor and has entered into stipulations rejecting such contract and collecting the payment of accounts receivable, if and when due. In addition, the Trustee has already rejected the Debtor's two real estate commercial leases and vacated the premises in Arlington, Virginia and Tacoma, Washington. These rejections were pursuant to stipulations whereby, among other things, any post-petition use and occupancy claims were waived (subject to Court approval). The Trustee was able to remove and secure all of the Debtor's

3

books and records, including 3 racks of servers containing important electronica data when it vacated the Debtor's premises.

11. In addition, the Trustee has spent a great deal of time and effort negotiating with the Debtor's largest contracting party, Vigor Works, LLC ("Vigor"). The contract with Vigor, where the prime contract involves building a vessel for the United States Army, was the Debtor's largest contract at the time of the bankruptcy filing. The Trustee and Vigor, through counsel, have been working through the respective issues which are complex and require extensive analysis by both parties. While such negotiations progress, Vigor has agreed to a sixty (60) day extension to assume or reject the contract with Vigor and its related subcontracts[2].

12. Given the number of contracts/subcontracts to which the Debtor was party and the extensive time spent resolving the issues related to the Vigor contract, the Trustee seeks an additional sixty (60) days to be able to resolve the remining issues relating to Vigor and to be able to focus on the other potentially smaller contracts to protect the interests of the estate for the benefit of the creditors. In this regard, the Trustee has been working very diligently to review and analyze each of the contracts but simply needs more time to accomplish this task.

13. Accordingly, the Trustee respectfully requests the entry of an Order extending the Trustee's time to assume or reject executory contracts for sixty (60) days through and including June 3, 2022, without prejudice to request a further extension.

**RELIEF REQUESTED**

14. In recognition that the initial sixty (60) day period under Bankruptcy Code section 365(d) often imposes upon a Trustee an unrealistic and burdensome deadline, the statute gives the Court latitude to extend such period for sixty (60) days, plus additional extensions of time until a

---

[2] The Trustee expects to submit a stipulation and Order by and between the Trustee and Vigor extending the Trustees time by sixty (60) days to assume or reject the Vigor contract and subcontracts for the Court's consideration.

4

decision to assume or reject can be made upon a rational basis taking into account the facts and circumstances surrounding each particular case.

15. Bankruptcy Courts in the Southern and Eastern District of New York have held that so long as the motion to extend the time to assume or reject is made within the 60-day period, the court may, if cause is found, grant the motion after the 60-day period. See e.g., In re Wedtech Corp., 72 B.R. 464, 468 (S.D.N.Y. 1987). Further, pursuant to Rule 9006-2 of the Local Rules for the Southern District Bankruptcy Court, the time is automatically extended until the Court resolves such Motion. In this case, the Debtor submits that cause exists for an extension of time to assume or reject any executory contract or unexpired lease, and is timely in making this Motion prior to the expiration of the statutory deadline.

16. In considering whether to grant a debtor additional time to assume or reject an executory contract or lease, the following factors are considered:

> (1) the nature of the interests at stake; (2) the balance of the hurt to the litigants; (3) the good to be achieved; (4) the safeguards afforded to the litigants; (5) whether the action to be taken is so in derogation of Congress' scheme that the court may be said to be arbitrary; (6) the debtor's failure or ability to satisfy post-petition obligations; (7) the damage that the non-debtor will suffer beyond the compensation available under the Bankruptcy Code; (8) the importance of the contract to the debtor's business and reorganization; (9) whether the debtor has sufficient time to appraise its financial situation and the potential value of its assets in formulating a plan of reorganization; (10) whether there is a need for judicial determination as to whether an executory contract exists; (11) whether exclusivity has been terminated; and (12) above all, the broad purpose of Chapter 11, which is to permit successful rehabilitation of debtors.

In re Hawker Beechcraft, Inc., 483 B.R. 424, 429 (S.D.N.Y. 2012) (citing In re Adelphia Communs. Corp., 291 B.R. 283, 293 (S.D.N.Y. 2003).

17. In this case, there are numerous, lengthy and complicated contracts and subcontracts that the Trustee must properly analyze with the help of the former employees to

5

determine which may have value and which ones can be rejected in an appropriate manner. Therefore, an extension of the Trustee's time to assume or reject the executory contracts will protect and preserve the Estate's assets.

18. Based upon the foregoing, the Trustee respectfully submits that "cause" exists under Bankruptcy Code section 365(d)(1) to extend his time to assume or reject executory contracts for an additional sixty (60) days, without prejudice too request additional extensions of time pursuant to Bankruptcy Code section 365(d)(1).

19. The Trustee, through counsel, has served the Notice of Hearing of this Motion, this Motion and the proposed Order upon: (i) counsel for the Debtor; (ii) the Office of the United States Trustee; (iii) all parties that have filed a notice of appearance in this case; (iv) all creditors listed on the Debtor's petition and schedules, including but not limited to, parties to executory contracts or unexpired leases with the Debtor; and (v) any other party in interest as the Trustee deems necessary, if any. The Trustee submits that service as set forth herein is sufficient and in compliance with Bankruptcy Rule 6006(c).

20. The Trustee submits that this Motion cites the relevant statutory authority and rules for the relief requested, and that this Motion complies with Local Rule 9013-1(a). Therefore, no separate memorandum of law is required in connection with this Motion.

21. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests the entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 365(d)(1), extending the time to assume or reject executory contracts for a period of sixty (60) days from April 4, 2022 through and including June 3, 2022 and for such other, further and different relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: March 30, 2022<br>Wantagh, New York | **LaMONICA HERBST & MANISCALCO, LLP**<br>Counsel to Salvatore LaMonica, Trustee |

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500