UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BMT DESIGNERS & PLANNERS, INC., fdba BMT D&P, fdba BMT fdba BMT DAS US, | Case No. 22-10123 (MG) |
| Debtor. | |

------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN
TRUSTEE AND PEERLESS TECH SOLUTIONS, LLC**

This stipulation ("Stipulation") is entered into by and between Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee," collectively with Peerless (defined herein), "Parties") of the bankruptcy estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor") and Peerless Tech Solutions, LLC ("Peerless"), through their respective counsel, if any, to reject the Contract (defined herein) and surrender the related Equipment (defined herein).

**RECITALS**

**i.   Procedural Background**

1. On February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (as amended, "Bankruptcy Code") in the United States Bankruptcy Court, Southern District of New York ("Court").

2. On or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Debtor Estate, has since duly qualified and is the permanent Trustee administering the Estate.

  ii. **The Contract**

  3. Prior to the Petition Date, on January 18, 2022, the Parties entered into a contract ("Contract") with respect to the Debtor's use of certain software and related support services. In conjunction with these services, Peerless provided a device identified as Datto S3-E24000 ("Equipment"), which is currently located at 2900 S. Quincy St., Ste. 210, Arlington, VA 22206 ("Premises").

  4. Under the terms of the Contract, the Debtor was not obligated to give any security deposit.

  5. As of the Petition Date, the Debtor owed $9,029.19 (in the aggregate) in outstanding pre-petition payments to Peerless on account of the Contract.

  6. The Trustee has determined, in the sound exercise of his business judgment, that rejection of the Contract pursuant to the terms and conditions hereof is in the best interests of the Estate and its creditors, in order to mitigate damages and minimize any potential claims that may be made by Peerless against the Estate.

  7. In conjunction with the surrender of the Equipment, the Trustee and Peerless will enter into an indemnification agreement before Peerless can enter the Premises.

  8. The Trustee hereby seeks to reject the Contract and to surrender the Equipment as set forth herein.

## TERMS AND CONDITIONS

  9. The recitals above are incorporated by reference as if set forth at length herein and the Parties agree to the accuracy thereof.

  10. The Contract shall be rejected, *nunc pro tunc*, as of the Petition Date, pursuant to Bankruptcy Code section 365.

11.     The automatic stay imposed under Bankruptcy Code section 362 is hereby modified to the extent necessary to permit the Parties to enter into this Stipulation and to carry out each of the terms and conditions set forth herein, including, without limitation, the removal of the Equipment.

12.     Upon the Court so-ordering this Stipulation, the Trustee waives any and all interests the Estate may have in and to the Equipment.

13.     By no later than March 11, 2022, Peerless shall remove the Equipment from the Premises at Peerless's own cost and without any cost to the Trustee or the Estate.

14.     Upon the Court so-ordering this Stipulation, the Parties agree to waive any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which each of the Parties had, have, may ever have, or may ever claim to have, against each other, including but not limited to any claims relating in any manner whatsoever to, arising in, or in connection with, the Contract.

15.     Notwithstanding the foregoing, Peerless reserves the right to file a general unsecured claim against the Estate on account of any pre-Petition Date claim, including rejection damages, if any, pursuant to Bankruptcy Code section 365, no later than the Court established bar date of May 31, 2022, and the Trustee reserves the right to object to any such claim.

16.     If the Court does not approve this Stipulation, then this Stipulation shall be deemed null and void and of no force and effect, and the Parties to this Stipulation shall retain all rights, claims and/or defenses that they may have against each other.

17. This Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

18. This Stipulation may be executed in any number of counterparts, any and all of which shall be deemed to be original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

[*Remainder of page intentionally left blank*]

19. The Parties jointly request entry of an order approving this Stipulation and its terms.

Dated: March 9, 2022
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Salvatore LaMonica, Chapter 7 Trustee*

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500

Dated: March 9, 2022
Hollywood, Maryland

**PEERLESS TECH SOLUTIONS, LLC**

By: *s/ Dana Redden*
Dana Redden
Controller
23680 Three Notch Road, Suite 104
Hollywood, MD 20636
Telephone: 301.539.4227

**IT IS SO ORDERED.**

Dated: April 5, 2022
New York, New York

        **/s/ Martin Glenn**
MARTIN GLENN
Chief United States Bankruptcy Judge