**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.
*Counsel to Salvatore LaMonica, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BMT DESIGNERS & PLANNERS, INC., fdba BMT D&P, fdba BMT fdba BMT DAS US, | Case No. 22-10123 (MG) |
| Debtor. | |

-------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 365, AUTHORIZING THE CHAPTER 7 TRUSTEE TO ASSUME THE EXECUTORY CONTRACT BY AND BETWEEN THE DEBTOR AND NORTHROP GRUMMAN SYSTEMS CORPORATION AND TO ASSIGN THE EXECUTORY CONTRACT TO VIGOR WORKS LLC <u>AND FOR RELATED RELIEF</u>**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

  Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the bankruptcy estate ("<u>Estate</u>") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("<u>Debtor</u>"), by and through his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("<u>Motion</u>") seeking the entry of an Order, pursuant to 11 U.S.C. § 365(a) ("<u>Bankruptcy Code</u>"), authorizing the Trustee to assume the executory contract with Northrop Grumman Systems Corporation ("<u>Northrop</u>") and to assign this executory contract to Vigor Works LLC ("<u>Vigor</u>") as set forth in the proposed term sheet annexed hereto ("<u>Term Sheet</u>")[1] as **Exhibit**

---

[1] Capitalized terms no other defined herein shall have the definition ascribed to them in the Term Sheet.

"**A**", and for such other, further and different relief as the Court may deem just and proper, and respectfully sets forth and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are Bankruptcy Code sections 105(a) and 365(a), Rule 6006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 6006-1 and 9006-1(b) of the Local Rules of Bankruptcy Procedure for the Southern District of New York ("Local Rules").

## BACKGROUND

**A.  Procedural Background**

3. On February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York ("Court").

4. On or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Estate, has since duly qualified and is the permanent Trustee administering this Estate.

5. Pursuant to an Order entered on May 6, 2022, this Court extended the Trustee's authority to operate the Debtor's business and pay certain operating expenses of the Estate through August 3, 2022 pursuant to Bankruptcy Code section 721[dkt. no. 72].

6. The last day to file claims against the Estate is May 31, 2022.

7.     Pursuant to Bankruptcy Code section 365(d)(1), the time for the Trustee to assume or reject executory contracts was set to expire on April 4, 2022, but was extended through June 3, 2022 pursuant to Order of the Court entered on April 18, 2022 [dkt. no. 57][2].

8.     The Trustee entered into stipulations, which the Court so-ordered, with Vigor and Northrop extending the Trustee's time to assume or reject the Vigor Contract (and its related Subcontracts) and the Northrop Subcontract through and including August 3, 2022 [dkt. nos. 76 and 84, respectfully].

9.     On May 27, 2022, Northrop filed proof of claim designated as claim no. 57 for a general unsecured claim in the amount of $815,210.71 ("Northrop Claim") for failure to pay certain amounts during the prepetition period under the Northrop Subcontract with a reservation of rights to amend its claim for damages under Bankruptcy Code section 365(g).

**B.     The Factual Background**

10.    Prior to the Petition Date, the Debtor operated as a maritime-oriented high-end design house and technical consulting firm. The Debtor's three core business areas of service were engineering, asset performance, and environmental/consulting services. In general, the Debtor's role was either acting as general contractor with the prime contract with a branch of the United States government or as subcontractor to a third-party, who in turn had the prime contract with the government. Specifically, these prime contracts, in which the Debtor was either a contractor or subcontractor, were directly with a branch of the United States Government (*i.e.,* Department of Defense for contracts involving the United States Navy and Army, the Department of Homeland Security for contracts involving the United States Coast Guard, or the Department of Agriculture)

---

[2] A motion is pending with the Court to further extend the Trustee's time to assume or reject executory contracts through and including August 3, 2022, which is scheduled to be heard on June 24, 2022.

3

or with a commercial shipyard in support of a Department of Defense or Department of Homeland Security prime contract.

11. As of the Petition Date, the Debtor was party to more than 100 contracts which included approximately 65 contracts where the Debtor was performing work for a customer as the general contractor and more than 30 subcontracts where the Debtor acted as the subcontractor.

    **i.**    **The Vigor Contract and Northrop Subcontract**

12. Prior to the Petition Date, on or about September 28, 2017, the Debtor and Vigor entered into a license agreement, as amended and including addendums ("License Agreement"), whereby the parties worked together to offer their combined vessel design and vessel construction expertise to the United States Army in connection with its replacement of its fleet of Landing Craft Mechanized 8 Mod I and II vessels with a new vessel known as the Maneuver Support Vessel (Light) ("MSV(L)").

13. On September 28, 2017, the United States Army awarded Contract W56HZV-1 7-D-0086 ("Prime Contract") to Vigor for the design and delivery of the MSV(L).

14. Contemporaneously with the execution and delivery of the License Agreement, the parties, among other things, entered into a Master Subcontract Agreement (MSV(L)) (as it was amended in accordance with its terms, the ("MSVL Subcontract", along with the License Agreement are collectively "Vigor Contract") that describes the terms and conditions under which the Debtor supported Vigor in connection with the Prime Contract, including creating and modifying the drawings and designs of the MSV(L).

15. In addition, the Debtor entered into multiple subcontracts with various third parties, including, but not limited to, the subcontract with Northrop to perform services on behalf of the Debtor under, and related to, the Vigor Contract and Prime Contract.

16. Specifically, on or about June 18, 2018, the Debtor and Northrop entered into a certain subcontract agreement ("Northrop Subcontract") under that certain Master Subcontract Agreement (MSV(L)) between the Debtor and Vigor Works, relating to the design and delivery of the MSV(L).

17. Since the Petition Date, the parties engaged in negotiations, and as a result determined it was in all the parties' best interest to assume the Northrop Subcontract and assign it to Vigor under the proposed Term Sheet, which is conditioned upon Vigor and Northrop's desire to amend the Northrop Subcontract on terms mutually agreeable to Vigor and Northrop ("Amendment"). The salient terms of the Term Sheet are set forth herein; however, all parties are directed to the Term Sheet for its full terms. **See Exhibit "A"**.

    **ii.    The Assumption and Assignment of the Northrop Subcontract**

18. Under the proposed Term Sheet, the Trustee, on behalf of the Estate, Vigor and Northrop have agreed that the Trustee will assume and assign the Northrop Subcontract to Vigor to allow the Vigor team to continue receiving services directly from Northrop under its Subcontract, without any costs or expenses to be incurred by the Trustee and/or the BMT estate. Subject to the concurrent effectiveness of the Amendment, Vigor will assume obligations of BMT under the Northrop Subcontract pursuant to that certain term sheet by and between Northrop and Vigor and on the terms of the Amendment. Notably, under the proposed Term Sheet, the Trustee is obligated to obtain Court approval of the assumption and assignment on or before June 30, 2022 due to the demanding deadlines to complete the MSV(L) under the Prime Contract with the United States Army.

19. Moreover, the Trustee, on behalf of the Estate, will not be responsible for performance under the Northrop Subcontract post-assignment or for payment of any cure amounts

as a condition to assignment. Any cure costs that are paid will be paid by Vigor pursuant to a term sheet by and between Northrop and Vigor.

20. Lastly, upon effectuation of the assumption and assignment of the Northrop Subcontract, the Trustee has agreed to release the Estate Claims, the Northrop Claim and any claims against the Estate pursuant to Bankruptcy Code section 365(g)[3]. The release given by the Trustee in the Term Sheet, however, will not extinguish any claims associated with performance or nonperformance of the Northrop Subcontract, as amended, occurring pre-assignment by Northrop, including any latent defect claim, which will be assigned to Vigor (for itself and for the benefit of the United States Army) and which, upon such assignment, will not be held or enforceable by the Trustee or the Estate. Lastly, except for the rights and obligations set forth in the Term Sheet, the Trustee will only release claims against Vigor arising from, or related to, the Northrop Subcontract only. All other claims between Vigor and the Trustee are reserved.

## BASIS FOR RELIEF REQUESTED

21. Under Bankruptcy Code section 365(a), the Trustee "may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). It is well settled in the Second Circuit that "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to renounce title to and abandon burdensome property." Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (internal quotation and

---

[3] The release given by Northrop under the Term Sheet allows Northrop to reserve all defenses to any non-released claim asserted by the Trustee against Northrop, and its preservation of defenses includes, without limitation, any defenses arising from claims of Northrop against the Estate that are otherwise released herein. In no event, however, will Northrop be entitled to any affirmative monetary recovery from the Estate.

citation omitted); see Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.), 547 F.3d 484, 488 (2d Cir. 2008) (citations omitted).

22. In determining whether assumption of an unexpired lease is appropriate, courts review the totality of the circumstances and "apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." Orion Pictures, 4 F.3d at 1099 (citation omitted); see 390 Park Assocs., LLC v. Park Ave. Garage, LLC (In re Park Ave. Garage, LLC), 403 F. App'x 555, 557 (2d Cir. 2010) (holding bankruptcy court's conclusion that assumption of lease would benefit debtor represented "a valid exercise of the court's 'business judgment'" (citations omitted)); In re MF Global Inc., Case No. 11-2790 (MG), 2011 Bankr. LEXIS 5101, at *5 (Bankr. S.D.N.Y. Dec. 20, 2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment." (citations omitted)).

23. Where there has been a default under an unexpired lease, section 365(b)(1) of the Bankruptcy Code provides that a trustee cannot assume such unexpired lease unless, at the time of assumption, the trustee:

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, . . . , for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1)(A)–(C); see Regen Capital, 547 F.3d at 488. In order to assign an unexpired lease under section 365(f) of the Bankruptcy Code, a trustee must meet the cure requirements under subsection (b) and provide "adequate assurance of future performance by the assignee of such . . . lease". 11 U.S.C. § 365(f)(2)(A)–(B).

24. As reflected in the Term Sheet, the Trustee, on behalf of the Estate, is not obligated to perform under the existing Northrop Subcontract, and of equal importance, Vigor will cure any

amounts owed to Northrop required for the Estate to assume the Northrop Subcontract. As a result of such cure by Vigor, the Northrop Claim in the amount of $815,210.71 will be released from the Estate. Moreover, Northrup has asserted to the Trustee that if the Northrop Subcontract was to be rejected, it would be entitled to a damages' claim of approximately $900,000.00 under Bankruptcy Code section 365(g). The assumption and assignment of the Northrop Subcontract as proposed in the Term Sheet eliminates these claims against the Estate.

25. In addition, the Term Sheet provides for a limited release of any Estate Claims made within the 90 days prior to the Petition Date. In exchange, Northrop has released any and all claims against the Estate. Before agreeing to such releases, the Trustee, through counsel, analyzed the Estate Claims and the affirmative defenses asserted by Northrop in connection with the 90-day transfers.

26. Therefore, the proposed assumption and assignment of the Northrop Subcontract not only assists Vigor with the completion of the MSV(L) under the Vigor Contract with the United States Army, it provides a substantial benefit to the Estate through the reduction of claims against the Estate.

27. For these reasons, the Trustee respectfully requests that this Court authorize the Trustee to assume the Northrop Subcontract and assign it to Vigor pursuant to Bankruptcy Code section 365(a).

## NOTICE AND NO PRIOR REQUEST

28. By a separate *ex parte* motion filed contemporaneously herewith under Local Rule 9077, the Trustee will seek the entry of an Order scheduling a hearing on shortened notice of this Motion.

29. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests the entry of an Order, pursuant to Bankruptcy Code section 365(a), authorizing the Trustee to assume the Northrop Subcontract and assign such subcontract to Vigor, and for such other, further and different relief as this Court may deem just and proper.

| | |
|---|---|
| Dated: June 16, 2022<br>Wantagh, New York | **LaMONICA HERBST & MANISCALCO, LLP**<br>Counsel to Salvatore LaMonica, Trustee |
| | By: *s/ Jacqulyn S. Loftin*<br>Jacqulyn S. Loftin, Esq.<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: 516.826.6500 |