## TERM SHEET FOR ASSUMPTION AND ASSIGNMENT OF NORTHROP GRUMMAN SYSTEMS CORPORATION SUBCONTRACT TO VIGOR WORKS

This Term Sheet sets forth the material terms of the Parties' (defined below) agreement that will be presented to the United States Bankruptcy Court for the Southern District of New York (the "Court") as part of a Motion to assume and assign the Northrop Grumman Systems Corporation Subcontract to Vigor Works LLC pursuant 11 U.S.C. § 365 ("Bankruptcy Code").

### PARTIES/BACKGROUND FACTS

A. BMT Designers & Planners, Inc. ("BMT") filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 1, 2022 ("Chapter 7 Case"). Salvatore LaMonica was appointed as the interim chapter 7 Trustee ("Trustee"), has since duly qualified and is now the permanent Trustee administering the estate.

B. Northrop Grumman Systems Corporation ("NGSC") is a Delaware corporation with a principal office of 6608 Sun Scope Drive, Ocean Springs, MS 39564.

C. Vigor Works LLC ("Vigor", along with NGSC and the Trustee are defined herein as "Parties") is an Oregon limited liability company with a mailing address of 5555 N. Channel Avenue, Building 71, Portland, OR 97217.

D. BMT is a subcontractor to Vigor in connection with the contract W56HZV-17-D-0086 awarded to Vigor on September 28, 2017 by the United States Army for the fabrication of Maneuver Support Vessels [Light] ("MSV(L)").

E. NGSC and BMT entered into a Subcontract Agreement (MSV-(L)) effective as of June 15, 2018, together with Purchase Order ("PO") 18-0042 and PO Modifications numbers 001 through 013, and Work Order No. 1 and all Work Order No. 1 Modifications numbers 001 through 010, and all schedules, appendices, and exhibits to the foregoing

("Subcontract") whereby BMT engaged NGSC to perform second tier subcontracting services for BMT.

F.   NGSC filed proof of claim number 57-1 against the BMT estate in the amount of at least $815,210.71 ("NGSC Claim").

G.   The Trustee believes that the BMT estate may have claims to recover payments made to NGSC within the 90 days before the filing of the Chapter 7 Case ("Estate Claims"). NGSC asserts that it has defenses to any such claims. The Trustee is not presently aware of any other claims against NGSC.

H.   The Parties desire to effectuate the assumption and assignment of the Subcontract to Vigor pursuant to Bankruptcy Code section 365 on terms described in this Term Sheet.

I.   Conditioned on and as a condition to the effectiveness of the assumption and assignment of the Subcontract, Vigor and NGSC desire to amend the Subcontract on terms mutually agreeable to Vigor and NGSC ("Amendment").

**TERMS**

1.   Subject to the concurrent effectiveness of the Amendment, the Trustee will assume and assign the Subcontract to Vigor to allow the Vigor team to continue receiving services directly from NGSC under the Subcontract, without any costs or expenses to be incurred by the Trustee and/or the BMT estate. Subject to the concurrent effectiveness of the Amendment, Vigor will assume obligations of BMT under the Subcontract pursuant to that certain term sheet by and between NGSC and Vigor and on the terms of the Amendment. NGSC consents to assignment of the Subcontract to Vigor and agrees to be bound thereby following such assignment on the terms of the Subcontract and the Amendment.

2. The Trustee, on behalf of the BMT estate, shall not be responsible for performance under the Subcontract post-assignment or for payment of any cure amounts as a condition to assignment. Any cure costs that are paid will be paid by Vigor pursuant to the term sheet by and between NGSC and Vigor.

3. Upon effectuation of the assumption and assignment of the Subcontract, (a) the Trustee, on behalf of the estate, releases the Estate Claims, and (b) NGSC releases all claims against the estate, including, but not limited to the NGSC Claim and any claims pursuant to Bankruptcy Code section 365(g); provided that NGSC preserves all defenses to any non-released claim asserted by the Trustee against NGSC.  NGSC's preservation of defenses includes without limitation any defenses arising from claims of NGSC against the estate that are otherwise released herein.  In no event, however, shall NGSC be entitled to any affirmative monetary recovery from the estate.

4. The release by the Trustee in paragraph 3 shall not extinguish any claims associated with performance or nonperformance of the Subcontract, as amended, occurring pre-assignment by NGSC, including any latent defect claim, which shall be assigned to Vigor (for itself and for the benefit of the United States Army) and which, upon such assignment, shall not be held or enforceable by the Trustee or the estate; provided, however, that this paragraph shall not affect any other agreement between Vigor and NGSC regarding any such claims.  Except for the rights and obligations set forth in this Term Sheet, the Trustee, on his own behalf and on behalf of the estate, hereby releases all claims against Vigor arising from or related to the Subcontract only.  All other claims between Vigor and the Trustee are reserved.

5. Upon execution of this Term Sheet, the Trustee will file a motion for approval of the assumption and assignment of the Subcontract on the terms provided herein and will seek to obtain Court approval. Nothing contained herein shall bind NGSC, Vigor, the Trustee or the BMT estate unless and until this Term Sheet is approved by the Court.

DATED this 17 day of June, 2022

By: *s/ Salvatore LaMonica*
    Salvatore LaMonica
    Solely in his Capacity as Chapter 7 Trustee

By: *s/ Tae Rhee*
    Vigor Works LLC
    Tae Rhee, General Counsel

By: *s/ Benjamin R. Allen*
    Northrop Grumman Systems Corporation
    Benjamin R. Allen
    Contracts Administrator