UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                                                  Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                          Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

      Debtor.
------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. § 365, AUTHORIZING THE CHAPTER 7
TRUSTEE TO ASSUME THE EXECUTORY CONTRACT BY AND BETWEEN THE
DEBTOR AND NORTHROP GRUMMAN SYSTEMS CORPORATION AND TO
ASSIGN THE EXECUTORY CONTRACT TO VIGOR WORKS LLC AND FOR
<u>RELATED RELIEF</u>**

Upon the motion ("<u>365 Motion</u>") [ECF Doc. # 90][1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("<u>Trustee</u>") of the Debtor Estate, BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT, fdba BMT DAS US, by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking entry of an Order, pursuant to Bankruptcy Code section 365(a) and Local Bankruptcy Rule 6006-1, authorizing the Trustee to assume the executory contract with Northrop and to assign this executory contract to Vigor as set forth in the proposed Term Sheet annexed to the 365 Motion as **<u>Exhibit "A"</u>**, and for such other, further and different relief as the Court may deem just and proper; upon the Trustee's *ex parte* motion [ECF Doc. # 91] seeking entry of an Order scheduling a hearing on shortened notice to consider the 365 Motion, along with the Affirmation of Jacqulyn S. Loftin, Esq. pursuant to Local Bankruptcy Rule 9077-1, both which set forth the basis for shortened notice of the 365 Motion; and upon the Court having entered the Order Scheduling the Hearing on Shortened Notice ("<u>Scheduling Order</u>") [ECF Doc. # 92]; and the 365 Motion and the Scheduling Order having been served on all necessary parties in

---

[1]    Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the 365 Motion.

accordance with the Scheduling Order with an affidavit of service having been electronically filed with the Court [ECF Doc. # No. 93]; and upon no objections to the relief requested in the 365 Motion having been filed; and the Court having conducted a hearing on the 365 Motion on **June 24, 2022 at 2:00 p.m**. ("Hearing"); and upon the Court having jurisdiction to consider the 365 Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the 365 Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief sought in the 365 Motion is in the best interest of the Estate, its creditors and all parties in interest and that the legal and factual bases set forth in the 365 Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Term Sheet, annexed hereto, is approved; and, it is further

**ORDERED**, that the Trustee is authorized to do such things, take such steps and perform such acts as may be reasonably necessary to implement and effectuate the terms of this Order; and, it is further

**ORDERED**, that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Dated: June 24, 2022
      New York, New York

                                       **/s/ Martin Glenn**
                                      MARTIN GLENN
                         Chief United States Bankruptcy Judge

**Exhibit A**

# TERM SHEET FOR ASSUMPTION AND ASSIGNMENT OF NORTHROP GRUMMAN SYSTEMS CORPORATION SUBCONTRACT TO VIGOR WORKS

This Term Sheet sets forth the material terms of the Parties' (defined below) agreement that will be presented to the United States Bankruptcy Court for the Southern District of New York (the "Court") as part of a Motion to assume and assign the Northrop Grumman Systems Corporation Subcontract to Vigor Works LLC pursuant 11 U.S.C. § 365 ("Bankruptcy Code").

## PARTIES/BACKGROUND FACTS

A. BMT Designers & Planners, Inc. ("BMT") filed a voluntary petition under chapter 7 of the Bankruptcy Code on February 1, 2022 ("Chapter 7 Case"). Salvatore LaMonica was appointed as the interim chapter 7 Trustee ("Trustee"), has since duly qualified and is now the permanent Trustee administering the estate.

B. Northrop Grumman Systems Corporation ("NGSC") is a Delaware corporation with a principal office of 6608 Sun Scope Drive, Ocean Springs, MS 39564.

C. Vigor Works LLC ("Vigor", along with NGSC and the Trustee are defined herein as "Parties") is an Oregon limited liability company with a mailing address of 5555 N. Channel Avenue, Building 71, Portland, OR 97217.

D. BMT is a subcontractor to Vigor in connection with the contract W56HZV-17-D-0086 awarded to Vigor on September 28, 2017 by the United States Army for the fabrication of Maneuver Support Vessels [Light] ("MSV(L)").

E. NGSC and BMT entered into a Subcontract Agreement (MSV-(L)) effective as of June 15, 2018, together with Purchase Order ("PO") 18-0042 and PO Modifications numbers 001 through 013, and Work Order No. 1 and all Work Order No. 1 Modifications numbers 001 through 010, and all schedules, appendices, and exhibits to the foregoing

("Subcontract") whereby BMT engaged NGSC to perform second tier subcontracting services for BMT.

F. NGSC filed proof of claim number 57-1 against the BMT estate in the amount of at least $815,210.71 ("NGSC Claim").

G. The Trustee believes that the BMT estate may have claims to recover payments made to NGSC within the 90 days before the filing of the Chapter 7 Case ("Estate Claims"). NGSC asserts that it has defenses to any such claims. The Trustee is not presently aware of any other claims against NGSC.

H. The Parties desire to effectuate the assumption and assignment of the Subcontract to Vigor pursuant to Bankruptcy Code section 365 on terms described in this Term Sheet.

I. Conditioned on and as a condition to the effectiveness of the assumption and assignment of the Subcontract, Vigor and NGSC desire to amend the Subcontract on terms mutually agreeable to Vigor and NGSC ("Amendment").

**TERMS**

1. Subject to the concurrent effectiveness of the Amendment, the Trustee will assume and assign the Subcontract to Vigor to allow the Vigor team to continue receiving services directly from NGSC under the Subcontract, without any costs or expenses to be incurred by the Trustee and/or the BMT estate. Subject to the concurrent effectiveness of the Amendment, Vigor will assume obligations of BMT under the Subcontract pursuant to that certain term sheet by and between NGSC and Vigor and on the terms of the Amendment. NGSC consents to assignment of the Subcontract to Vigor and agrees to be bound thereby following such assignment on the terms of the Subcontract and the Amendment.

2. The Trustee, on behalf of the BMT estate, shall not be responsible for performance under the Subcontract post-assignment or for payment of any cure amounts as a condition to assignment. Any cure costs that are paid will be paid by Vigor pursuant to the term sheet by and between NGSC and Vigor.

3. Upon effectuation of the assumption and assignment of the Subcontract, (a) the Trustee, on behalf of the estate, releases the Estate Claims, and (b) NGSC releases all claims against the estate, including, but not limited to the NGSC Claim and any claims pursuant to Bankruptcy Code section 365(g); provided that NGSC preserves all defenses to any non-released claim asserted by the Trustee against NGSC. NGSC's preservation of defenses includes without limitation any defenses arising from claims of NGSC against the estate that are otherwise released herein. In no event, however, shall NGSC be entitled to any affirmative monetary recovery from the estate.

4. The release by the Trustee in paragraph 3 shall not extinguish any claims associated with performance or nonperformance of the Subcontract, as amended, occurring pre-assignment by NGSC, including any latent defect claim, which shall be assigned to Vigor (for itself and for the benefit of the United States Army) and which, upon such assignment, shall not be held or enforceable by the Trustee or the estate; provided, however, that this paragraph shall not affect any other agreement between Vigor and NGSC regarding any such claims. Except for the rights and obligations set forth in this Term Sheet, the Trustee, on his own behalf and on behalf of the estate, hereby releases all claims against Vigor arising from or related to the Subcontract only. All other claims between Vigor and the Trustee are reserved.

5. Upon execution of this Term Sheet, the Trustee will file a motion for approval of the assumption and assignment of the Subcontract on the terms provided herein and will seek to obtain Court approval. Nothing contained herein shall bind NGSC, Vigor, the Trustee or the BMT estate unless and until this Term Sheet is approved by the Court.

DATED this 17 day of June, 2022

By: *s/ Salvatore LaMonica*
 Salvatore LaMonica
 Solely in his Capacity as Chapter 7 Trustee

By: *s/ Tae Rhee*
 Vigor Works LLC
 Tae Rhee, General Counsel

By: *s/ Benjamin R. Allen*
 Northrop Grumman Systems Corporation
 Benjamin R. Allen
 Contracts Administrator