UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                                  Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                                  Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

               Debtor.
-------------------------------------------------------------x

## APPLICATION OF THE CHAPTER 7 TRUSTEE TO APPROVE THE RETENTION OF AMINI LLP AS HIS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), AS OF THE RETENTION DATE OF JULY 11, 2022

The application ("Application") of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), seeking the entry of an Order, pursuant to 11 U.S.C. §§ 327(a) and 328(a) ("Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 2014(a) and 2016 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), approving the retention of Amini LLP ("Amini"), as the Trustee's special litigation counsel, as of the retention date of July 11, 2022 ("Retention Date"). In support of the Application, the Trustee submits the Declaration of Avery Samet, Esq. ("Samet Declaration"), and respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

**PROCEDURAL AND FACTUAL BACKGROUND**

3. On February 1, 2022 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York ("Court").

4. Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtor's Estate, has since duly qualified and is the permanent Trustee administering this estate.

5. Pursuant to an Order entered on March 1, 2022 [dkt. no. 26], the Trustee retained LaMonica Herbst & Maniscalco LLP ("LH&M") to represent him as general counsel in this case.

6. The Debtor's meeting of creditors, pursuant to Bankruptcy Code section 341, took place on February 24, 2022.

7. The Debtor's headquarters are located at 2900 South Quincy Street, Suite 210, Arlington, Virginia 22206.

8. The Debtor ceased operations on January 31, 2022.

9. The last day to file claims in the Debtor's estate (notwithstanding government agencies) was May 31, 2022.

10. Prior to the Filing Date, the Debtor operated as a maritime-oriented high-end design house and technical consulting firm and provided engineering and consulting services under various service contracts, many of which were with the branches of the United States Military (*i.e.* United States Army, Navy and Coast Guard). Much of the Debtor's business involved commercial and military vessels design under existing government contracts, which also required the engagement of multiple subcontractors by the Debtor under various subcontractor agreements.

11. The Trustee has also been advised that a potential source of recovery for the Debtor's estate relates to the proceeds, if any, of certain insurance policies, including, but not

limited to, Directors and Officers Insurance ("D&O Policy") issued by Willis Limited and other related insurance policies.

12. The Trustee requires special litigation counsel to assist with the investigation into whether viable claims exist relating to the commencement of the Debtor's bankruptcy, and the decisions and actions of the Debtors' officers, directors, controlling parties and other professionals leading up to the filing.

13. Accordingly, the Trustee seeks to retain Amini to spearhead these investigation efforts for the benefit of the estate and its creditors.

## BASIS FOR RELIEF REQUESTED

14. Bankruptcy Rule 2014 dictates the manner in which a trustee may apply to the Court to retain professionals under Bankruptcy Rule section 327. The rule states in relevant part that "the application shall state the specific facts showing the necessity for the employment." Fed. R. Bankr. P. 2014(a)

15. In this instance, there have been allegations that may give rise claims under the D&O Policy by various creditors throughout the administration of this estate. Equally as important, The D&O Policy is set to expire on October 31, 2022, and therefore the Trustee must quickly determine and pursue any viable claims under this policy.

16. The Trustee, in his business judgment, has determined that it is in the best interest of the estate to bring in Amini to investigate these alleged claims in an expeditious manner, so as to file such claims before the expiration, if warranted. Indeed, Amini specializes in complex business litigation and has the requisite experience and resources to perform an investigation of this scale, and commence the litigation, if the Trustee's determines such action in in the best interest of the estate and its creditors.

3

17. Amini will perform professional services on behalf of the estate that are distinct from those currently being performed by the Trustee's general counsel, LH&M, and thus the professional services rendered will not overlap. Specifically, subject to further Order of this Court, Amini, at the direction of the Trustee, will investigate and advise the Trustee as to the actions, conduct and activities of any of the Debtor's officers and directors regarding the Debtor leading up to the bankruptcy filing, the terms and extent of coverage of the D&O Policy and the existence of any claims or causes of actions against the Debtor's officers and directors that are within the terms of the D&O Policy. Therefore, Amini, after consultation with the Trustee, will determine what claims, if any, can be pursued for the benefit of the Debtor's estate.

18. It is worth noting that LH&M has not performed an investigation into such purported claims. It is anticipated that as part of the services Amini will, <u>inter alia</u>, conduct formal and informal discovery and, depending on the outcome of its investigation, recommend that the Trustee commence actions against the Debtor's officers and directors and other related professionals.

19. Accordingly, the Trustee hereby requests entry of an Order approving the retention of Amini as his special litigation counsel in this case.

## EMPLOYMENT TERMS

20. Subject to the Court's approval, the Trustee proposes to retain Amini on an hourly fee basis with Amini's hourly fees capped at $100,000 ("<u>Cap</u>"), without prejudice to seeking an increase in this Cap subject to further Order of the Court. Amini will also seek reimbursement for all of its actual, reasonable and necessary out-of-pocket disbursements incurred in connection with its representation of the Trustee. In no event will Amini be required to advance expert, e-discovery or deposition expenses absent a separate agreement with the Trustee, subject to Court approval.

If the Trustee determines, based upon the results of the investigation and upon the advice of Amini, that litigation against the Debtor's officers, directors and other related professionals is warranted, the Trustee will file a supplemental application for the expand the scope of retention of Amini, as special litigation counsel to pursue such claims and causes of action pursuant to a separate compensation arrangement as agreed to by Amini and the Trustee and subject to Court approval.

21. With respect to the hourly portion of Amini's retention, Amini will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered. Amini's current hourly rates are set forth in the Samet Declaration, and the Trustee submits that such rates are reasonable and customary. For the avoidance of doubt, Amini's hourly fees for the services with the Cap of $100,000 with prejudice to seeking an increase in this Cap subject to further Order of the Court.

22. Amini shall seek compensation for services and reimbursement of expenses in accordance with Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1, 2016-1 and 2016-2.

23. Amini has not agreed nor will it agree to share compensation received in connection with this case with any other person, except at permitted by Bankruptcy Code section 504(b).

## DISINTERESTEDNESS

24. As set forth in the Samet Declaration, Amini conducted a search of its client database to determine whether Amini had any relationship with the Debtor or its respective affiliates or officers, insiders or creditors. Among other things, Amini compared the Debtor's case docket, schedules D and E/F, the Debtor's statements of financial affairs, and the claims register in this case with Amini's client database. Based on that review, Amini informed the Trustee that it does not hold or represent any interest materially adverse to the Trustee or the Debtor's estate.

16.     Amini has also informed the Trustee that it has no connection with the Debtor, its creditors or other parties in interest in this case other that as set forth in the Samet Declaration. As such, the Trustee believes that Amini is "disinterested" as that term is defined in Bankruptcy Code section 101(14).

## BEST INTERESTS OF THE ESTATE

17.     Bankruptcy Code section 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment." See 11 U.S.C. § 328(a). The fees and expenses to be paid to Amini and terms of employment, as set forth herein and the Samet Declaration, are reasonable given the scope and extent of the services Amini will render in this case. Accordingly, the Trustee submits that Amini's retention is in the best interests of the Debtor's estate and its creditors.

18.     No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully request that the Court enter an Order approving the retention of Amini as for the Retention Date of July 11, 2022 and granting such other and further relief as the Court deems just proper.

Dated: August 29, 2022
      Wantagh, New York

*s/ Salvatore LaMonica, as Trustee*
Salvatore LaMonica, Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500