UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BMT DESIGNERS & PLANNERS, INC., fdba BMT D&P, fdba BMT fdba BMT DAS US, | Case No. 22-10123 (MG) |
| Debtor. | |

---------------------------------------------------------------x

## DECLARATION OF AVERY SAMET IN CONNECTION WTH THE APPLICATION OF THE CHAPTER 7 TRUSTEE TO APPROVE THE RETENTION OF AMINI LLP AS HIS SPECIAL LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), STARTING ON JULY 11, 2022

Pursuant to 11 U.S.C. § 1746, I, Avery Samet, hereby declare:

1.  I am a partner in the firm of Amini LLC ("Amini") a New York law firm with offices located at 131 West 35th Street, 12 Floor, New York, New York 10001.

2.  I am an attorney duly admitted and in good standing to practice law before the Courts of the state of New York and, among other federal courts, the United States District Courts for the Southern and Eastern District of New York.

3.  I submit this this Declaration ("Declaration") in support of the application ("Application")[1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), seeking the entry of an Order, pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rules 2014(a) and 2016, approving the retention of Amini LLP ("Amini"), as the Trustee's special litigation counsel, as of the Retention Date of July 11, 2022.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4.	This Declaration also provides the disclosure required under Bankruptcy Rules 2014(a) and 2016(b).

5.	Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto. To the extent any information disclosed herein requires amendment or modification upon Amini's completion of further review, or as additional party in interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

6.	I will be primarily responsible for leading Amini's representation of the Trustee in this case.

## DISINTERESTEDNESS OF PROFESSIONALS

7.	Amini possesses the requisite experience and expertise to advise the Trustee as his special litigation counsel in this case.

8.	To the best of my knowledge, except as disclosed herein, Amini does not (a)(i) have any connection with the Debtor, the Debtor's creditors or any other party in interest, or their respective attorneys and accountants, (ii) the Trustee, (ii) The United States Trustee, and any person employed in the office of the U.S. Trustee, or (iv) any judge in the Bankruptcy Court or the United States District Court for the Southern District of New York or any person employed in the offices of the same; and (b) does not represent or hold any interest adverse to the Debtor or its estate.

9.	To the best of my knowledge and except as set forth herein, Amini is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that:

    a)	Amini does not represent or hold any interest adverse to the Debtor or its estate with respect to the matter on which it is to be employed.

b) The partners of, counsel to, and associates of Amini are not and were not, within two years before the Filing Date, a director, officer, or employee of the Debtor.

c) Amini does not have any interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

10. Amini regularly updates its client database and does not open any new matter without reviewing the information necessary to check each such matter for potential conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Amini will continue to apply its conflicts and disclosures procedures to this case as additional information concerning entities having a connection with the Debtor is developed and will file appropriate supplemental disclosure with the Court, as may be necessary.

11. In connection with this Declaration, my firm conducted a search of Amini's client database to determine whether Amini had any relationships with the (a) the Trustee, (b) the Debtor or its respective affiliates or officers, or insiders, (c) the Debtor's creditor body, (d) the United States Trustee and any person employed in his office employees, or (e) the Debtor's insurers, including, Willis Limited. Among other things, my firm compared the creditors and counterparties named on the Debtor's docket, and listed within the Debtor's schedules D and E/F, the Debtor's statement of financial affairs, and the claims register in this case with the Amini client database. Based upon this database search, Amini does not hold or represent an interest adverse to the Debtor's estate.

12. To the best of my knowledge, based on our searches performed to date, Amini has no connection with any of the Debtor's creditors.

13. To the best of my knowledge, after due inquiry, neither I, nor any partner, associate or employee of Amini represents any entity other than the Trustee in connection with this case.

14. Accordingly, pursuant to Bankruptcy Code sections 327(a) and 328(a), Amini is qualified to represent the Trustee as special counsel in this matter.

## PROFESSIONAL COMPENSATION

15. As set forth in greater detail in the Application, subject to this Court's approval, and in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court, Amini will seek compensation on an hourly basis with a Cap of $100,000 without prejudice to seeking an increase in this Cap subject to further Order of the Court, plus reimbursement of its actual and necessary expenses incurred in connection with the investigation into whether viable claims exist relating to the commencement of the Debtor's bankruptcy, and the decisions and actions of the Debtor's officers, directors, controlling parties and other professionals leading up to the filing. Subject to the Court's approval, Amini will bill for the investigation of such claims in accordance with the ordinary and customary rates, which rates Amini believes are reasonable.

16. The hourly rates of Amini's professionals are in the following ranges, which are Amini's standard hourly rates for work of this nature:

| | |
|---|---|
| Partner | $650-$900 |
| Of Counsel | $500-$625 |
| Associate | $300-$500 |
| Paralegal | $150-$180 |

In the normal course of its business, Amini revises its billing rates on an annual basis.[2]

17. In addition, Amini will seek reimbursement from the Trustee for any actual and necessary expenses incurred in representing the Trustee, including, among other things, telephone

---

[2] In the ordinary course, Amini reviews the billing rates of its attorneys and paraprofessionals annually, typically in January of each year. The review and rate increases are based upon increases within each attorney's and paraprofessional's current level of seniority. As set forth in the attached Order, Amini will provide ten business-days' notice to the Debtor, the Trustee, and the office of the U.S. Trustee before implementing any periodic increases, and shall file any such notice with the Court.

and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, as well as non-ordinary overhead expenses, such as secretarial and other overtime specifically for the representation of the Trustee.

18. It is Amini's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case, subject to any modification to such policies that Amini may be required to make to comply with the applicable general orders of this Court, Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any further order of the Court. Amini will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Amini other clients.

19. All non-working travel time will be billed at fifty percent (50%). Amini has advised the Trustee that it intends to seek compensation for all time and expenses associated with the preparation of the Application and related documents, and the preparation of its monthly, interim or final fee applications.

20. Amini has not agreed to share nor will it agree to share: (a) any compensation it may receive with another party or person, other than with the members and associates of Amini; or (b) any compensation another person or party has received or may receive in connection with the Debtor's case or services provided to the Trustee.

**AFFIRMATIVE STATEMENT OF DISINTERESTEDNESS**

21. No promises have been received or made by Amini or any partner, counsel, or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules. Amini has no

agreement with any other entity to share with such entity any compensation received by Amini or by such entity.

Based upon the information available to me, and except as otherwise described herein, Amini holds no interest adverse to the Debtor and its estate as to the matters in which it is to be employed. I know of no reason why Amini cannot act as special litigation counsel to the Trustee.

Pursuant to 11 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: August 29, 2022

                                                /s/ Avery Samet
                                                  Avery Samet, Esq.