UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                                                    Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                          Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                Debtor.
---------------------------------------------------------------x

**ORDER TO APPROVE THE RETENTION OF AMINI LLP AS HIS SPECIAL
LITIGATION COUNSEL PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a)
AS OF THE RETENTION DATE OF JULY 11, 2022**

Upon the application ("Application")[1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), seeking the entry of an Order, pursuant to Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014(a), and Local Rules 2014(a) and 2016, approving the retention of Amini LLP ("Amini"), as the Trustee's special litigation counsel as of the Retention Date of July 11, 2022, and as more fully set forth in the Application and supporting the Same Declaration; and the Court having reviewed the Application, as well as the Samet Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Samet Declaration that Amini does not hold or represent any interest that is adverse to the Debtor's and/or the estate; and the Court having found that adequate and appropriate notice of the Application has been provided under the circumstances and that no other or further notice is required; and the Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

having determined that the relief sought in the Application is in the best interest of the Debtor, its estate, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that the Trustee is authorized to retain Amini as Special Litigation Counsel as of the Retention Date of July 11, 2022 to provide the following services: (i) investigate whether viable claims exist relating to the commencement of the Debtor's bankruptcy, and the decisions and actions of the Debtors' officers, directors, controlling parties and other professionals leading up to the filing; (ii) investigate and determine the terms and extent of coverage of any insurance, including the D&O Policy defined in the Application, that protects the Debtor against malfeasance of and damages caused by the directors and officers of the Debtor and other related policies; and (iii) the existence of any claims or causes of actions against the Debtor's officers and directors; and it is further

**ORDERED**, that Amini shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and applicable law; and, it is further

**ORDERED**, that Amini shall avoid any unnecessary duplication with other professionals retained by the Trustee, including without limitation, the Trustee's general bankruptcy counsel LH&M; and it is further

**ORDERED,** that in connection with the services rendered herein, Amini shall be paid, subject to further application and Court approval, provided, however, that Amini's fees will have

a Cap of $100,000 without prejudice to seeking an increase in this Cap subject to further Order of the Court; and, it is further

**ORDERED**, nothing herein shall preclude the Trustee from subsequently seeking to expand the scope of Amini's retention by supplemental application to employ Amini to prosecute any claims and causes of action, and engage in settlement negotiations, if applicable, against the directors, officers or related professionals of the Debtor that are revealed by the investigation on additional terms and conditions authorized by the Trustee and subject to the Court's approval; and it is further

**ORDERED,** that Amini shall be compensated in accordance with, and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules and applicable law; and, it is further

**ORDERED**, that prior to any increases in Amini's rates for any individual employed by Amini and providing services in this case, Amini shall file a supplemental affidavit with the Bankruptcy Court and will provide ten (10) business days' notice to the Debtor, the Trustee, and the office of the United States Trustee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Trustee has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330; and, it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and, it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: August ___, 2022
       New York, New York

                                        _____
                                        HONORABLE MARTIN GLENN
                                        CHIEF UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:
WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By     *s/ Andrea B. Schwartz*
        Andrea B. Schwartz, Esq. Trial Attorney