**LaMonica Herbst & Maniscalco, LLP**           Hearing Date: October 19, 2022 at 10:00 a.m.
3305 Jerusalem Avenue, Suite 201          Objection Deadline: October 12, 2022 by 5:00 p.m.
Wantagh, New York 11793
Telephone: 516.826.6500
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:                                                                                  Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                        Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                Debtor.

------------------------------------------------------------x

**NOTICE OF HEARING ON MOTION FOR THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO CONTINUE TO OPERATE THE DEBTOR'S BUSINESS THROUGH DECEMBER 2, 2022 AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE AND FOR RELATED RELIEF**

**PLEASE TAKE NOTICE,** that on **October 19, 2022 at 10:00 a.m.** or as soon thereafter as counsel may be heard, a hearing ("Hearing") shall be held before the Honorable Martin Glenn, Chief United States Bankruptcy Judge, on the motion ("Motion")[1] of Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor") estate ("Estate"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 721, authorizing the Trustee: (i) to continue to operate the Debtor's business with the assistance of the Debtor's former officers and employees as independent contractors of the Estate from October 4, 2022 through and including December 2, 2022, without prejudice to seek to further extend such time; (ii) to continue to maintain the Debtor's Operating Account at Truist Bank during this interim period of time while the Trustee continues to collect the accounts receivable; (iii) an interim Order authorizing the

---

[1] Capitalized terms not otherwise defined herein shall have the definition ascribed to them in the Motion.

Trustee to operate the Debtor's business and pay related expenses while the Motion is pending from October 4, 2022 until the Hearing; and (iv) related relief.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be conducted by Zoom for Government®. See Chief Judge Glenn's chambers page on the Court website for information on how to make an eCourtAppearance and the link to do so: http://www.nysb.uscourts.gov/content/judge-martin-glenn. Click on the eCourtAppearances tab to make your appearance for the hearing. Please note that appearances must be entered by 4:00 p.m. one business day before the Hearing.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, counsel to the Trustee, no later than **October 12, 2022 by 5:00 p.m.**, as follows: (a) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, and in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that if no objections are timely filed, the Court may enter an Order granting the relief requested in the Motion without holding the Hearing.

| | |
|---|---|
| Dated: September 27, 2022<br>Wantagh, New York | **LaMONICA HERBST & MANISCALCO, LLP**<br>Counsel to Salvatore LaMonica, Chapter 7 Trustee |
| | By:  *s/ Jacqulyn S. Loftin*<br>Jacqulyn S. Loftin, Esq.<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: 516.826.6500 |

**LaMonica Herbst & Maniscalco, LLP**  Hearing Date: October 19, 2022 at 10:00 a.m.
3305 Jerusalem Avenue, Suite 201  Objection Deadline: October 12, 2022 by 5:00 p.m.
Wantagh, New York 11793
Telephone: 516.826.6500
Jacqulyn S. Loftin, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:                                                                                    Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                           Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                    Debtor.
--------------------------------------------------------x

**MOTION FOR THE ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 721, AUTHORIZING THE CHAPTER 7 TRUSTEE TO CONTINUE TO OPERATE THE DEBTOR'S BUSINESS THROUGH DECEMBER 2, 2022 AND PAY CERTAIN OPERATING EXPENSES OF THE ESTATE AND FOR RELATED RELIEF**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor") estate ("Estate"), by his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion") seeking the entry of an Order, substantially in the form annexed hereto as **Exhibit "A"**, pursuant to 11 U.S.C. §§ 105(a) and 721 ("Bankruptcy Code"), authorizing the Trustee: (i) to continue to operate the Debtor's business with the assistance of the Debtor's former officers and employees as independent contractors of the Estate from October 4, 2022 through and including December 2, 2022, without prejudice to seek to further extend such time; (ii) to continue to maintain the Debtor's Operating Account at Truist Bank during this interim period of time while the Trustee continues to collect the accounts receivable; (iii) an interim Order authorizing the Trustee to operate the Debtor's business and pay related expenses while the Motion is pending from October 4, 2022 until the hearing schedule for October 19, 2022 at 10:00 a.m., or as soon thereafter as counsel may be heard ("Hearing"),

3

which is also annexed hereto as **Exhibit "B"**; and (iv) related relief, and respectfully represents as follows:

## PRELIMINARY STATEMENT

1.    The relief sought herein is simply an extension of the Trustee's authority to continue to operate the Debtor's business, pursuant to Bankruptcy Code sections 105 and 721, for the sole and limited purpose of winding down the Debtor's operations, and more specifically to collect the substantial accounts receivable owed to the Estate. Indeed, since the bankruptcy filing, the Trustee, with the assistance of the independent contractors, has collected approximately $4.6 million in accounts receivable for the benefit of creditors. Equally as important, the Trustee is still negotiating with the United States Coast Guard and few other private clients of the Debtor to collect the last of the receivables owed to the Estate. As of the date of this Motion, there is approximately $500,00 in accounts receivable that remain outstanding.[2]

2.    The Debtor's former officers and employees have been instrumental in the Trustee's collection efforts as they possess requisite institutional knowledge that is crucial for the collection of these substantial accounts receivable. Therefore, the Trustee seeks to extend his authority operate the Debtor's business and to continue to work with the Debtor's officers and employees to collect the outstanding receivables.

3.    The Trustee also seeks to maintain the Debtor's Operating Account at Truist Bank while we continue to collect the last of the receivables to ensure none of the automated payments are rejected because the Operating Account (defined herein) is closed. The Trustee has control over the account and systematically transfers over payments made to the Operating Account into the Estate's account.

---

[2] Notwithstanding any claims the Estate has against Vigor Works LLC.

4.     For these reasons and the reasons set forth herein, the Trustee seeks the entry of an Order, pursuant to Bankruptcy Code sections 105 and 721, authorizing the Trustee to operate the Debtor's business for the sole purpose of winding down operations and pay related expenses for limited period through December 2, 2022.

## JURISDICTION AND VENUE

5.     The United States Bankruptcy Court, Southern District of New York ("Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

i.     **Procedural Background**

7.     On February 1, 2022 ("Filing Date"), the Debtor filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the Court.

8.     Salvatore LaMonica was appointed as the interim Chapter 7 Trustee of the Debtor's Estate, has since duly qualified and is the permanent Trustee administering this Estate.

9.     The Debtor's meeting of creditors, pursuant to Bankruptcy Code section 341, took place on February 24, 2022.

10.    The Debtor's headquarters was located at 2900 South Quincy Street, Suite 210, Arlington, Virginia 22206.

11.    The Debtor ceased operations on January 31, 2022.

12.    The last day to file claims in the Debtor's estate (notwithstanding government agencies) was May 31, 2022.

13. In an Order entered on February 17, 2022 [ECF Dkt. # 17], the Court authorized the Trustee to operate the Debtor's business and to pay the related expenses to wind down operations and to collect the accounts receivable through and including May 2, 2022.

14. In an Order entered on May 6, 2022 [ECF Dkt. # 72], the Court authorized the Trustee to operate the Debtor's business and to pay the related expenses to wind down operations and to collect the accounts receivable through August 1, 2022.

15. In an Order entered on August 16, 2022 [ECF Dkt. # 118], the Court authorized the Trustee to operate the Debtor's business and to pay the related expenses to wind down operations and to collect the accounts receivable through October 3, 2022.

### ii. The Collection of Accounts Receivable and the Debtor's Existing Contracts

16. Since his appointment, the Trustee, and his retained professionals, have been in worked with the Debtor's former officers and employees to ensure a smooth and efficient winddown of the Debtor's operations. At the outset of the case, the Trustee was advised that there was approximately $4 million of outstanding accounts receivable owed to the Estate and about $1 million of work in progress from January, 2022. As set forth above, the Trustee, with the assistance of the Debtor's former employees, has collected approximately $4.6 million in accounts receivable. The Trustee believes there is approximately $500,000 in accounts receivable that remain outstanding and the Trustee is in the process of collecting.

17. Indeed, the Trustee is still negotiating the settlement of the receivables with the United States Coast Guard and other private clients. To that end, the Debtor's former officers and employees provide the Trustee with the requisite institutional knowledge that has proven to be instrumental for the collection of these substantial receivables. In fact, the Trustee submits that his

collection efforts would likely not be as successful without the assistance of the independent contractors.

18. In addition, the employees and former officers have also assisted the Trustee during his extensive negotiations with Vigor Works LLC ("Vigor"). As the Court may recall, prior to the filing, the Debtor's largest contract was with Vigor on account of the construction of Maneuver Support Vessels (Light) (referred to as "MSV(L)s") for the United States Army. The independent contractors have assisted the Trustee with the location and turnover of vital information to Vigor, which has prevented delays in the completion of the MSV(L)s for the United States Army. The negotiations with Vigor are ongoing, and the Trustee hopes they will result in a global resolution of all claims by the Estate and Vigor. In the meantime, however, the assistance of the former employees in critical during these negotiations.

19. Accordingly, the Trustee respectfully requests that the Court authorize the Trustee to continue to operate the Debtor's business to wind down its operation through the employment of these former officers and employees as independent contractors of the Estate.

### iii.    The Debtor's Operating Account at Truist Bank

20. Prior to the Filing Date, the Debtor maintained its primary operating account ("Operating Account") at Truist Bank. Most, if not all, of the Debtor's accounts receivable were paid directly into the Debtor's Operating Account at Truist either by ACH payments or direct wire transfers.

21. As of the Filing Date, there was approximately $350,000 in the Debtor's Operating Account. Since the turnover of the initial funds, approximately $4 million in accounts receivables have been paid into the Debtor's Operating Account, and ultimately transferred to the Estate

7

account. The Trustee has access and control over the Debtor's Operating Account, and systematically transfers the funds from the Operating Account into the Estate account.

22. Accordingly, the Trustee respectfully requests that the Court authorize the Trustee to maintain the Debtor's Operating Account at Truist Bank for an interim period of time with the Trustee maintaining control over the Operating Account.

## RELIEF REQUESTED AND BASIS FOR RELIEF

23. By the Motion the Trustee seeks the entry of an Order, pursuant to Bankruptcy Code sections 105(a) and 721, substantially in the form annexed as **Exhibit "A"**, authorizing the Trustee: (i) to continue to operate the Debtor's business with the assistance of the Debtor's former employees and officers as independent contractors of the Estate; (ii) to maintain the Debtor's Operating Account at Truist Bank during this period of time while the Trustee continues to collect the accounts receivable; (iii) an interim Order authorizing the Trustee to operate the Debtor's business and pay related expenses while the Motion is pending from October 4, 2022 until the Hearing, which is annexed hereto as **Exhibit "B"**; and (iv) related relief.

24. Pursuant to Bankruptcy Code section 721, the Court "may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. Pursuant to Bankruptcy Code section 105(a), the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

25. A line of well-established cases supports the relief requested herein. See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286, 312 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealey, 147 F.2d 268 (2d Cir. 1945), cert. denied, 325 U.S. 873 (1945) (Second Circuit extends

doctrine for payment of prepetition claims beyond railroad reorganization cases); <u>B & W Enters., Inc. v. Goodman Oil Co. (In re B & W Enters., Inc.)</u>, 713 F.2d 534 (9th Cir. 1983); <u>Michigan Bureau of Workers' Disability Compensation v. Chateaugay Corp. (In re Chateaugay Corp.)</u>, 80 B.R. 279, 285-86 (S.D.N.Y. 1987), <u>appeal dismissed</u>, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits); <u>In re Boston & Me. Corp.</u>, 634 F.2d 1359, 1382 (1st Cir. 1980) (recognizing the existence of a judicial power to authorize trustees to pay claims for goods and services that are indispensably necessary to debtors' continued operation); <u>In re Ionosphere Clubs, Inc.</u>, 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989).

26.    The Trustee submits that it is in the best interest of the Estate for the Trustee to continue to operate the Debtor's business, on a limited basis, with the assistance of the Debtor's former officers and employees solely in the capacity as independent contractors to assist with the collection of the accounts receivable, negotiated with Vigor and other related tasks pertinent to a wind down of the Debtor's operations.

27.    The Trustee also seeks authority to keep the Debtor's Operating Account at Truist open for an interim period of time with the Trustee as signatory with the authority to sweep any funds into the Estate account while pending accounts receivable continue to be paid into the Operating Account to ensure none are rejected because the account is closed.

28.    Accordingly, it is in the best interest of the Estate and its creditors that the Trustee be granted authorization to operate the Debtor's business solely to wind down the Debtor's operations and pay the necessary expenses related thereto, including, but not limited to, payments to the former employees and to preserve the Debtor's books and records.

29. For these reasons, the Trustee respectfully submits that the Court authorize him to continue to operate the Debtor's business and pay certain necessary expenses on an interim basis, from October 4, 2022 through and including December 2, 2022, without prejudice to seek further extensions of such authority.

### NOTICE AND NO PRIOR REQUEST

30. In accordance with Bankruptcy Rule 2002, the Trustee served this Motion and the proposed Order on: (i) the Debtor, through counsel; (ii) the Office of the United States Trustee; (iii) all parties that filed Notices of Appearance in the Estate; and (iv) all known creditors of the Estate.

31. Except for the other Orders entered by the Court pursuant to Bankruptcy Code sections 105(a) and 721 and the related motions, no previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE** the Trustee respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: September 27, 2022
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, as Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: 516.826.6500