UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                                         Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                              Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                Debtor.
----------------------------------------------------------------x

**STIPULATION AND ORDER BETWEEN TRUSTEE AND VIGOR
WORKS LLC EXTENDING THE TRUSTEE'S TIME TO ASSUME OR
REJECT THE TECHNICAL ASSISTANCE AGREEMENT BY AND
BETWEEN VIGOR WORKS LLC AND THE DEBTOR THROUGH AND
INCLUDING DECEMBER 2, 2022**

This stipulation ("Stipulation") is entered into by and between Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), and the Vigor Works LLC ("Vigor", along with the Trustee, are "Parties") to extend the Trustee's time to assume or reject the Technical Assistance Agreement ("TAA") entered into by and between, among others, the Debtor and Vigor through and including December 2, 2022 pursuant to 11 U.S.C. § 365(d) ("Bankruptcy Code"), and for related relief as set forth herein.

## RECITALS

I.    **Procedural Background**

    A.    On February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York ("Court").

    B.    On or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Estate, has since duly qualified and is the permanent Trustee administering this Estate.

C. On February 17, 2022, this Court entered an Order Authorizing the Chapter 7 Trustee to Operate the Debtor's Business and Pay Certain Operating Expenses of the Estate pursuant to Bankruptcy Code section 721 [ECF Dkt. # 17].

D. The last day to file claims against the Estate was May 31, 2022.

E. Pursuant to Bankruptcy Code section 365(d)(1), the time for the Trustee to assume or reject executory contracts was set to expire on August 3, 2022 ("365 Extension").

F. Pursuant to an Order entered on June 24, 2022 [ECF Dkt. # 96], the Trustee's time to assume or reject executory contracts was extended through and including August 3, 2022 under Bankruptcy Code section 365(d)(1).

G. Pursuant to the so-ordered stipulation entered on May 24, 2022 [ECF Dkt. # 76], the Court approved the extension of time to assume or reject the Vigor Contract and related Subcontracts through August 3, 2022.

H. Pursuant to the so-ordered stipulation entered on July 20, 2022 [ECF Dkt. # 103], the Court approved the extension of time to assume the Vigor Contract and related Subcontracts through October 3, 2022.

I. Pursuant to the so-ordered stipulation entered on August 4, 2022 [ECF Dkt. # 114], the Court approved the extension of time to assume or reject the TAA entered into by and between, among others, the Debtor and Vigor through and including October 3, 2022 pursuant to Bankruptcy Code section 365(d).

II. **The Vigor Contract and Related Subcontracts**

J. Prior to the Petition Date, on or about September 28, 2017, the Debtor and Vigor entered a license agreement, as amended and including addendums ("License Agreement") whereby, the Parties worked together to offer their combined vessel design and vessel construction

expertise to the United States Army in connection with its replacement of its fleet of Landing Craft Mechanized 8 Mod I and II vessels with a new vessel known as the Maneuver Support Vessel (Light) ("MSV(L)").

K. On September 28, 2017, the United States Army awarded Contract W56HZV-1 7-D-0086 ("Prime Contract") to Vigor for the design and delivery of the MSV(L).

L. Contemporaneously with the execution and delivery of License Agreement, the Parties, among other things, entered into a Master Subcontract Agreement (MSV(L)) (as it was amended in accordance with its terms, the "MSVL Subcontract", along with the License Agreement are collectively "Vigor Contract") that describes the terms and conditions under which the Debtor supported Vigor in connection with the Prime Contract, including, creating and modifying the drawings and designs of the MSV(L).

M. In addition, the Debtor entered into multiple subcontracts with various third parties to perform services on behalf of the Debtor under, and related to, the Vigor Contract and Prime Contract, of which there were approximately eleven (11) active subcontracts as of the Petition Date ("Subcontracts").

**III.   The Technical Assistance Agreement**

N. In connection with the completion of the MSV(L) projects, the Directorate of Defense Trade Controls of the United States State Department ("DDTC") issued an authorization, identified as license no. 050715465 ("TAA License"), to allow for the performance of defense services and sharing of defense technical data controlled under the International Traffic in Arms Regulations ("ITAR") with non-United States parties in connection with the MSV(L) project.

O. Any party, including the Debtor and Vigor, who is authorized to share and to receive such ITAR-controlled defense technical data is required to be parties to a Technical

3

Assistance Agreement approved by DDTC as part of the TAA License, which governs the performance of ITAR defense services and sharing of ITAR-controlled defense technical data between the Debtor, Vigor and the subcontractors in connection with the MSV(L) project.

P. Vigor is in the process of obtaining a replacement of the existing TAA License from the DDTC of the United States State Department.

Q. But until Vigor obtains the replacement license and concludes the execution of replacement TAAs, the Parties seek to extend the Trustee's time to assume or reject the TAA between the Debtor and Vigor as set forth herein.

## TERMS AND CONDITIONS

1. The recitals above are incorporated by reference as if set forth at length herein and the Parties agree to the accuracy thereof.

2. The Trustee's time to assume or reject the TAA shall be extended for a period of sixty (60) days through and including December 2, 2022, without prejudice for the Parties to agree to further extend the Trustee time.

3. The Trustee also reserves the right to seek a further extension from the Court pursuant to Bankruptcy Code section 365(d)(1).

4. Nothing herein shall constitute a waiver of any all claims and/or defenses by either Party relating to or deriving from the Vigor Contract, the Subcontracts, the Prime Contract, or the TAA.

5. If the Court does not approve this Stipulation, then the Stipulation shall be deemed null and void and of no force and effect, and the Parties to this Stipulation shall retain all rights, claims and/or defenses that they may have against each other.

6. This Court shall retain exclusive jurisdiction over the subject matter of this Stipulation in order to resolve any dispute in connection with the rights and duties specified hereunder.

7. This Stipulation may be executed in any number of counterparts, any and all of which shall be deemed to be original. The Parties shall be bound by their signatures transmitted by facsimile or electronic mail (in pdf format) as if such signatures were original "ink" signatures.

| | | |
|---|---|---|
| Dated: September 28, 2022<br>Wantagh, New York | | **LaMONICA HERBST & MANISCALCO, LLP**<br>Counsel to Salvatore LaMonica, Chapter 7 Trustee |
| | By: | *s/ Jacqulyn S. Loftin*<br>Gary F. Herbst, Esq<br>Jacqulyn S. Loftin, Esq.<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: 516.826.6500 |
| Dated: September 28, 2022<br>Seattle, Washington | | **K&L GATES, LLP**<br>Counsel to Vigor Works, LLC |
| | By: | *s/ Michael J. Gearin*<br>Michael J. Gearin, Esq.<br>Brandy A. Sargent, Esq.<br>925 Fourth Avenue, Suite 2900<br>Seattle, WA 98104<br>Telephone: 206.370.6666 |

**SO ORDERED**, on the ___ day of October, 2022

_____

Honorable Martin Glenn
Chief United States Bankruptcy Judge