**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq.
*Counsel to Salvatore LaMonica, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

.......................................................................x

| | |
|---|---|
| In re: | Chapter 7 |
| BMT DESIGNERS & PLANNERS, INC., | Case No. 22-10123 (MG) |
| fdba BMT D&P, fdba BMT fdba BMT DAS US, | |
| Debtor. | |

.......................................................................x

### EX PARTE APPLICATION OF THE CHAPTER 7 TRUSTEE SEEKING ENTRY OF AN ORDER, PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, DIRECTING THE PRODUCTION OF DOCUMENTS BY TRUIST BANK *f/k/a* SUNTRUST BANK

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE

Salvatore LaMonica, Esq., solely in his capacity as the Chapter 7 Trustee ("Trustee") of

the estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT

DAS US ("Debtor"), by and through his counsel, LaMonica Herbst & Maniscalco, LLP, submits

this *ex parte* application ("Application") seeking the entry of an Order, pursuant to 11 U.S.C. §

704(a) ("Bankruptcy Code") and Rules 2004 and 9016 of the Federal Rules of Bankruptcy

Procedure ("Bankruptcy Rules"), directing the production of certain records, documents and

electronic files that are in the possession, custody and/or control of Truist Bank *f/k/a* SunTrust

Bank ("Bank"), and respectfully sets forth and represents as follows:

### JURISDICTION AND STATUTORY PREDICATES

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.      The statutory predicates for the relief requested herein include Bankruptcy Code Section 704(a) and Bankruptcy Rules 2004 and 9016.

## BACKGROUND

4.      On February 1, 2022 ("Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York ("Court").

5.      By Notice of Appointment, Salvatore LaMonica, Esq. was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, has duly qualified and is the permanent Trustee of the Debtor's Estate.

6.      On March 1, 2022, an order was entered authorizing the retention of LaMonica Herbst & Maniscalco, LLP as counsel to the Trustee (ECF Dkt. # 26).

7.      On March 18, 2022, an order was entered authorizing the retention of Demasco Sena & Jahelka, LLP as accountants to the Trustee (ECF Dkt. # 39).

8.      Prior to the Filing Date, the Debtor maintained bank accounts at the Bank.

9.      Although the Trustee has been able to locate some of the Debtor's financial documentation, many of the monthly bank statements and related information cannot be located. Accordingly, the Trustee respectfully requests the Court's authority to obtain this information from the Bank directly.

## RELIEF REQUESTED AND BASIS FOR RELIEF

10.     This Application is made pursuant to Bankruptcy Rule 2004 for entry of an Order directing the production documents by the Bank as set forth in the proposed Order substantially in the form annexed to this Application ("2004 Order").

11.    The duties of the Trustee, as set forth in Bankruptcy Code section 704(a), include, among other things: (a) collecting and reducing to money the property of the Debtor's estate; (b) being accountable for all property received; (c) investigating the financial affairs of the Debtor; and (d) making a final report and filing a final account of the administration of the estate with the court and with the United States Trustee. See 11 U.S.C. § 704(a).

12.    Bankruptcy Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity . . . . [as to] the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." FED. R. BANKR. P. 2004(a), (b); see In re Corso, 328 B.R. 375, 383 (E.D.N.Y. 2005) (noting that "the scope of this examination is broader than discovery permitted under the Federal Rules of Civil Procedure" (citations omitted)); Martin v. Keybank of New York, 208 B.R. 807, 810 (N.D.N.Y. 1997) (observing "general rule [. . .] that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted" (citation omitted)); see also In re CENA's Fine Furniture, Inc., 109 B.R. 575, 577 n.2 (E.D.N.Y. 1990) ("The scope of a Rule 2004 examination is unfettered and broad . . . . Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds." (citation omitted)); In re Atlantis B.V., Case No. 10-12308 (MG), 2010 Bankr. LEXIS 4243, at *10 (S.D.N.Y. Nov. 24, 2010) (noting "[i]t is well established that the scope of a Rule 2004 examination is very broad" (citation omitted)); In re Parikh, 397 B.R. 518, 525–26 (E.D.N.Y. 2008) ("A Rule 2004 examination has been likened to a 'fishing expedition,' the scope of which is broad. . . . The primary purpose of allowing broad discovery in Rule 2004 is to expedite the locating of assets of the estate." (citations omitted)).

13.    The Trustee, with the assistance of his retained professionals, has been investigating the financial affairs of the Debtor. To that end, the Trustee discovered that he did not have all the

Debtor's financial records. Accordingly, the Trustee does not have custody, possession or control of certain records related to the Debtor's accounts maintained at the Bank.

14.    Discovery from the Bank will provide critical details into the financial affairs of the Debtor and potential assets of the Debtor's estate. Accordingly, the Trustee submits that it is necessary to effectuate a turnover of certain books and records from the Bank.

15.    Under the proposed 2004 Order, responsive documents are to be turned over to the Trustee's counsel in accordance with Federal Rule of Civil Procedure 45, made applicable by Bankruptcy Rules 2004(c) and 9016. The Trustee intends to issue a subpoena and shall provide the Bank no less than thirty (30) days for the production of documents following service of a subpoena.

16.    Furthermore, the Trustee respectfully requests that service of the annexed proposed 2004 Order and any subpoena be by overnight delivery or certified mail to the Bank at its last known address, place of business or such other address as the Trustee may subsequently discover, be deemed good and proper service of such subpoena.

17.    The Trustee has not previously filed an application for the relief requested herein to this or any other Court.

18.    By virtue of the foregoing, the Trustee respectfully submits that he is entitled to the relief requested herein.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the 2004 Order directing the Bank to produce the records, documents and electronic files described therein, and granting such other, further, and different relief as the Court deems just and proper.

Dated:   October 4, 2022
       Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, Trustee

By:   *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Cristina M. Lipan, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
jsl@lhmlawfirm.com
cl@lhmlawfirm.com