| | |
|---|---|
| **LaMonica Herbst & Maniscalco, LLP** | **Presentment Date: December 1, 2022 at 10:00 a.m.** |
| 3305 Jerusalem Avenue, Suite 201 | **Objection Due Date: November 28, 2022 at 5:00 p.m.** |
| Wantagh, New York 11793 | |
| Telephone: 516.826.6500 | |
| Gary F. Herbst, Esq. | |
| Jacqulyn S. Loftin, Esq. | |
| *Counsel to Salvatore LaMonica, Trustee* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re:                                                                                    Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                           Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

          Debtor.
----------------------------------------------------------x

**NOTICE OF PRESENTMENT OF THE CHAPTER 7 TRUSTEE'S MOTION
FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 365, AUTHORIZING
THE CHAPTER 7 TRUSTEE TO ASSUME THE EXECUTORY CONTRACT BY
AND BETWEEN THE DEBTOR AND JAMES FISHER MIMIC LTD AND TO
ASSIGN THE EXECUTORY CONTRACT TO VIGOR WORKS LLC AND FOR
RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on **December 1, 2022 at 10:00 p.m.**, Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), by and through his counsel, LaMonica Herbst & Maniscalco, LLP, will present the Trustee's motion ("Motion") seeking the entry of an Order, pursuant to 11 U.S.C. § 365(a) ("Bankruptcy Code"), authorizing the Trustee to assume the executory contract with James Fisher Mimic Ltd (formerly James Fisher Marine Services) ("JFM") and to assign this executory contract to Vigor Works LLC ("Vigor") and for related relief, a copy of which is annexed hereto, to the Honorable Martin Glenn, United States Bankruptcy Chief Judge, United States Bankruptcy Court, Southern District of New York, Courtroom 617, One Bowling Green, New York, New York 10004 ("Court").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation must be in writing, conform with the Title 11 of the United States Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Martin Glenn, United States Bankruptcy Chief Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the counsel for the Trustee, Attn: Jacqulyn S. Loftin, Esq., no later than **November 28, 2022 by 5:00 p.m.** ("Objection Deadline") as follows: (i) through the Court's electronic filing system, which may be accessed through the internet at the Court's website at www.nysb.uscourts.gov, in portable document format (PDF) using Adobe Exchange Software for conversion; or (ii) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a compact disc in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed, a hearing will be scheduled by the Court.

| | |
|---|---|
| Dated: November 15, 2022<br>Wantagh, New York | **LaMONICA HERBST & MANISCALCO, LLP**<br>Counsel to Salvatore LaMonica, Trustee |
| By: | *s/ Jacqulyn S. Loftin*<br>Jacqulyn S. Loftin, Esq.<br>Gary F. Herbst, Esq.<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>Telephone: 516.826.6500 |

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.
*Counsel to Salvatore LaMonica, Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re:                                                                    Chapter 7

BMT DESIGNERS & PLANNERS, INC.,                      Case No. 22-10123 (MG)
fdba BMT D&P, fdba BMT fdba BMT DAS US,

                              Debtor.
----------------------------------------------------------------x

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 365, AUTHORIZING THE CHAPTER 7 TRUSTEE TO ASSUME THE EXECUTORY CONTRACT BY AND BETWEEN THE DEBTOR AND JAMES FISHER MIMIC LTD AND TO ASSIGN THE EXECUTORY CONTRACT TO VIGOR WORKS LLC AND FOR RELATED RELIEF**

TO THE HONORABLE MARTIN GLENN,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Salvatore LaMonica, solely in his capacity as the Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of BMT Designers & Planners, Inc., fdba BMT D&P, fdba BMT fdba BMT DAS US ("Debtor"), by and through his counsel, LaMonica Herbst & Maniscalco, LLP, submits this motion ("Motion") seeking the entry of an Order, pursuant to 11 U.S.C. § 365(a) ("Bankruptcy Code"), authorizing the Trustee to assume the executory contract with James Fisher Mimic Ltd (formerly James Fisher Marine Services) ("JFM") and to assign this executory contract to Vigor Works LLC ("Vigor") as set forth in the proposed term sheet annexed hereto ("Term

Sheet")[1] as **Exhibit "A"**, and for such other, further and different relief as the Court may deem just and proper, and respectfully sets forth and represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested are Bankruptcy Code sections 105(a) and 365(a), Rule 6006 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Rules 6006-1 and 9006-1(b) of the Local Rules of Bankruptcy Procedure for the Southern District of New York ("Local Rules").

## BACKGROUND

**A. Procedural Background**

3. On February 1, 2022 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York ("Court").

4. On or about the Petition Date, the Trustee was appointed as the interim Chapter 7 Trustee of the Estate, has since duly qualified and is the permanent Trustee administering this Estate.

5. On September 28, 2022, this Court entered an Interim Order Authorizing the Chapter 7 Trustee to Continue to Operate the Debtor's Business and Pay Certain Operating Expenses of the Estate from October 4, 2022 through and including December 2, 2022, pursuant to Bankruptcy Code section 721 [dkt. no. 128].

---

[1] Capitalized terms no other defined herein shall have the definition ascribed to them in the Term Sheet.

2

6. The last day to file claims against the Estate was May 31, 2022.

7. As of the date of this Motion, JFM has not filed any claims against the Estate.

8. The Trustee entered into stipulations, which the Court so-ordered, with Vigor Works LLC ("Vigor") and its subcontractors extending the Trustee's time to assume or reject Vigor's Contract (and its related Subcontracts) through and including December 2, 2022 [dkt. no. 137].

**B.  The Factual Background**

9. Prior to the Petition Date, the Debtor operated as a maritime-oriented high-end design house and technical consulting firm. The Debtor's three core business areas of service were engineering, asset performance, and environmental/consulting services. In general, the Debtor's role was either acting as general contractor with the prime contract with a branch of the United States government or as subcontractor to a third-party, who in turn had the prime contract with the government. Specifically, these prime contracts, in which the Debtor was either a contractor or subcontractor, were directly involved with a branch of the United States Government (*i.e.,* Department of Defense for contracts involving the United States Navy and Army, the Department of Homeland Security for contracts involving the United States Coast Guard, or the Department of Agriculture) or with a commercial shipyard in support of a Department of Defense or Department of Homeland Security prime contract.

10. As of the Petition Date, the Debtor was party to more than 100 contracts which included approximately 65 contracts where the Debtor was performing work for a customer as the general contractor and more than 30 subcontracts where the Debtor acted as the subcontractor.

3

    i.    **The Vigor Contract and JFM Subcontract**

11. Prior to the Petition Date, on or about September 28, 2017, the Debtor and Vigor entered into a license agreement, as amended and including addendums ("License Agreement"), whereby the parties worked together to offer their combined vessel design and vessel construction expertise to the United States Army in connection with its replacement of its fleet of Landing Craft Mechanized 8 Mod I and II vessels with a new vessel known as the Maneuver Support Vessel (Light) ("MSV(L)").

12. On September 28, 2017, the United States Army awarded Contract W56HZV-17-D-0086 ("Prime Contract") to Vigor for the design and delivery of the MSV(L).

13. Contemporaneously with the execution and delivery of the License Agreement, the parties, among other things, entered into a Master Subcontract Agreement (MSV(L)) (as it was amended in accordance with its terms, the ("MSVL Subcontract", along with the License Agreement are collectively "Vigor Contract") that describes the terms and conditions under which the Debtor supported Vigor in connection with the Prime Contract, including creating and modifying the drawings and designs of the MSV(L).

14. In addition, the Debtor entered into multiple subcontracts with various third parties, including, but not limited to, the subcontract with JFM to perform services on behalf of the Debtor under, and related to, the Vigor Contract and Prime Contract.

15. Specifically, on or about June 9, 2020, the Debtor and JFM entered into a certain subcontract agreement ("JFM Subcontract") under that certain Master Subcontract Agreement (MSV(L)) between the Debtor and Vigor Works, relating to the design and delivery of the MSV(L).

16. Since the Petition Date, the parties engaged in negotiations and as a result, determined it was in all the parties' best interest to assume the JFM Subcontract and assign it to Vigor under the proposed Term Sheet, which is conditioned upon Vigor and JFM's desire to amend the JFM Subcontract on terms mutually agreeable to Vigor and JFM ("Amendment"). The salient terms of the Term Sheet are set forth herein; however, all parties are directed to the Term Sheet for its full terms. **See Exhibit "A."**

### ii. The Assumption and Assignment of the JFM Subcontract

17. Under the proposed Term Sheet, the Trustee, on behalf of the Estate, Vigor and JFM have agreed that the Trustee will assume and assign the JFM Subcontract to Vigor to allow the Vigor team to continue receiving services directly from JFM under its Subcontract, without any costs or expenses to be incurred by the Trustee and/or the BMT Estate. Subject to the concurrent effectiveness of the Amendment, Vigor will assume obligations of BMT under the JFM Subcontract pursuant to that certain term sheet by and between JFM and Vigor and on the terms of the Amendment.

18. Moreover, the Trustee, on behalf of the Estate, will not be responsible for performance under the JFM Subcontract post-assignment or for payment of any cure amounts as a condition to assignment. Any cure costs that are paid will be paid by Vigor pursuant to the Term Sheet executed by and between JFM and Vigor.

### BASIS FOR RELIEF REQUESTED

19. Under Bankruptcy Code section 365(a), the Trustee "may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). It is well settled in the Second Circuit that "[t]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and

5

to renounce title to and abandon burdensome property." Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (internal quotation and citation omitted); see Regen Capital I, Inc. v. Halperin (In re U.S. Wireless Data, Inc.), 547 F.3d 484, 488 (2d Cir. 2008) (citations omitted).

20. In determining whether assumption of an unexpired lease is appropriate, courts review the totality of the circumstances and "apply its best 'business judgment' to determine if it would be beneficial or burdensome to the estate to assume it." Orion Pictures, 4 F.3d at 1099 (citation omitted); see 390 Park Assocs., LLC v. Park Ave. Garage, LLC (In re Park Ave. Garage, LLC), 403 F. App'x 555, 557 (2d Cir. 2010) (holding bankruptcy court's conclusion that assumption of lease would benefit debtor represented "a valid exercise of the court's 'business judgment'" (citations omitted)); In re MF Global Inc., Case No. 11-2790 (MG), 2011 Bankr. LEXIS 5101, at *5 (Bankr. S.D.N.Y. Dec. 20, 2011) ("The assumption or rejection of an executory contract may be approved if such action would benefit the debtor's estate and is an exercise of sound business judgment." (citations omitted)).

21. Where there has been a default under an unexpired lease, section 365(b)(1) of the Bankruptcy Code provides that a trustee cannot assume such unexpired lease unless, at the time of assumption, the trustee:

> (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ; (B) compensates, or provides adequate assurance that the trustee will promptly compensate, . . . , for any actual pecuniary loss to such party resulting from such default; and (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1)(A)–(C); see Regen Capital, 547 F.3d at 488. In order to assign an unexpired lease under section 365(f) of the Bankruptcy Code, a trustee must meet the cure requirements under subsection (b) and provide "adequate assurance of future performance by the assignee of such . . . lease". 11 U.S.C. § 365(f)(2)(A)–(B).

6

22. As reflected in the Term Sheet, the Trustee, on behalf of the Estate, is not obligated to perform under the existing JFM Subcontract, and of equal importance, Vigor will cure any amounts owed to JFM required for the Estate to assume the JFM Subcontract.

23. Therefore, the proposed assumption and assignment of the JFM Subcontract not only assists Vigor with the completion of the MSV(L) under the Vigor Contract with the United States Army, it provides a substantial benefit to the Estate through the reduction of claims against the Estate.

24. For these reasons, the Trustee respectfully requests that this Court authorize the Trustee to assume the JFM Subcontract and assign it to Vigor pursuant to Bankruptcy Code section 365(a).

25. No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

**WHEREFORE,** the Trustee respectfully requests the entry of an Order, pursuant to Bankruptcy Code section 365(a), authorizing the Trustee to assume the JFM Subcontract and assign such subcontract to Vigor, and for such other, further and different relief as this Court may deem just and proper.

Dated: November 15, 2022
Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Salvatore LaMonica, Trustee

By: *s/ Jacqulyn S. Loftin*
Jacqulyn S. Loftin, Esq.
Gary F. Herbst, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: 516.826.6500

7