**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
In re:

BMT DESIGNERS & PLANNERS INC.,                    Case No. 22-10123-MG
                                                  Chapter 7
　　　　　　　　　　　Debtor.
-------------------------------------------------------------------------x

ORDER REFERRING DISPUTE TO MEDIATION

　　　　WHEREAS, on February 1, 2022, BMT Designers & Planners, Inc. ("Defendant") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court, Southern District of New York ("Court");

　　　　WHEREAS, Salvatore LaMonica ("Trustee") was appointed as the interim Chapter 7 Trustee of Defendant's bankruptcy estate, has since duly qualified and is the permanent Trustee administering this estate;

　　　　WHEREAS, on February 24, 2022, the Trustee conducted the meeting of creditors in this case, pursuant to Bankruptcy Code section 341, and examined the Debtor's representative under oath;

　　　　WHEREAS, the last day to file claims in the case (notwithstanding government agencies) was May 31, 2022;

　　　　WHEREAS, prior to the Petition Date, on or about September 28, 2017, the Debtor and Vigor Works LLC ("Vigor")(and collectively, the "Parties") entered a license agreement, as amended and including addendums ("License Agreement") whereby, the Parties worked together to offer their combined vessel design and vessel construction expertise to the United States Army in

connection with its replacement of its fleet of Landing Craft Mechanized 8 Mod I and II vessels with a new vessel known as the Maneuver Support Vessel (Light) ("MSV(L)");

WHEREAS, On September 28, 2017, the United States Army awarded Contract W56HZV-1 7-D-0086 ("Prime Contract") to Vigor for the design and delivery of the MSV(L);

WHEREAS, contemporaneously with the execution and delivery of License Agreement, the Parties, among other things, entered into a Master Subcontract Agreement (MSV(L)) (as it was amended in accordance with its terms, the ("MSVL Subcontract", along with the License Agreement are collectively "Vigor Contract") that describes the terms and conditions under which the Debtor supported Vigor in connection with the Prime Contract, including, creating and modifying the drawings and designs of the MSV(L);

WHEREAS, the Debtor entered multiple subcontracts with various third parties to perform services on behalf of the Debtor under, and related to, the Vigor Contract and Prime Contract, of which there were approximately eleven (11) active subcontracts as of the Petition Date ("Subcontracts");

WHEREAS, the Trustee maintains that the estate has certain claims against Vigor for substantial sums the Debtor has asserted against Vigor under the various agreements and contracts;

WHEREAS, the Trustee and Vigor have entered into multiple stipulations which have been approved by court order extending (a) the deadline to file claims by Vigor to June 30, 2023, and (b) the deadline for the Trustee to assume or reject the Vigor Contract, the Subcontracts, and a related Technical Assistance Agreement to June 30, 2023 (the "Pending Deadlines");

WHEREAS, Vigor maintains that it has certain substantial claims against the estate under the various agreements and contracts;

2

WHEREAS, the Parties through their respective counsel have engaged in extensive settlement negotiations to resolve the various competing claims without success in reaching a final resolution;

WHEREAS, the disputes between the Trustee and Vigor have not yet been presented to the Court in the form of a contested matter or adversary proceeding and there are no pending Court deadlines or hearing dates relevant to the disputes;

WHEREAS, the Parties have agreed to participate in formal mediation in an effort to resolve the respective claims, subject to Court approval;

WHEREAS, the Parties are requesting that the Honorable Robert E. Gerber (Ret.) conduct a formal mediation, to which Judge Gerber has agreed to act as mediator in this matter; and

WHEREAS, the Parties now are prepared to proceed to mediation under the terms set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. All disputes by and between the Parties are hereby referred to mediation ("Mediation").

2. The Honorable Robert E. Gerber (Ret.), is hereby designated as the meditator ("Mediator").

3. The Meditation shall be conducted in accordance with General Order M-452, and the sanctions available under Rule 16(f) of the Federal Rules of Civil Procedure shall apply to any violation of this Order.

4. The time and date of the mediation will be coordinated between the Parties and the Mediator.

5.      By no later than two weeks prior to the mediation date, each of the Parties shall submit a mediation brief (not to exceed twenty-five (25) pages, exclusive of any exhibits) to the Mediator by e-mail, with copies to the opposing side.

6.      By no later than the close of business one week prior to the mediation date, the Parties shall submit their respective confidential mediation statements by email (or letter attached to an email), which shall be sent solely to the Mediator and which shall not be delivered to the opposing side.

7.      The dates provided in Paragraphs 5 and 6 above may be altered by agreement among the Parties and the Mediator, without Court Order.

8.      Unless the Parties agree otherwise, the results of the Meditation shall be non-binding.

9.      There shall be an absolute meditation privilege, and all communications made during the Mediation shall be confidential, protected from disclosure, may not be disclosed to any third party, and shall not constitute a waiver of any existing privileges and immunities.

10.      The Mediation shall be conducted in person at the location to be agreed upon by the Parties and the Mediator. The Mediator is authorized to communicate (by phone, Zoom or similar means, or in person) with the Parties' counsel within or without any formal mediation sessions (whether before, during, or after them), and in the absence of counsel for the other Parties.

11.      The shares of the fees and reimbursable expenses of the Mediator will be payable in accordance with the terms of a Mediation Agreement to be executed by the Parties. Unless otherwise agreed in writing, the fees and cost of mediation shall be shared equally among the Parties, with Vigor bearing one-half of the total fees and costs, and the Trustee, on behalf of the Defendant's estate, bearing one-half of the total fees and costs.

Pg 5 of 6

12. The shares of the fees and expenses to be borne by the Trustee shall constitute an administrative expense under section 503 of the Bankruptcy Code, and so long as they are supported by an invoice with time entries (maintained in accordance with Guidelines of the Court applicable to those who file fee applications) and documentation for any reimbursable expenses, they will be deemed to be reasonable and may be paid, in accordance with the terms of the Mediation Agreement, without further Court order, and without the need to file a motion for payment of an administrative expense. For the avoidance of doubt, amounts due from the Trustee will be solely obligations of the Defendant's estate for which he is a fiduciary, and will not be obligations of the Trustee personally.

13. The Trustee, on behalf of the Debtor's estate, shall be authorized to hire the Debtor's former employees solely in the capacity as independent contractors, to the extent necessary, solely to assist the Trustee in this mediation and the Trustee shall be authorized to compensate such independent contractors at an hourly wage from funds from the Debtor's estate without further Order of this Court.

14. The Parties shall deliver a retainer in the total amount of $20,000 ("Retainer") toward fees and reimbursable expenses due to the Mediator, shared equally by Vigor and the Trustee, by payment to the firm of which the Mediator is Of Counsel, Joseph Hage Aaronson LLC ("JHA"), with each of the Plaintiff and the Trustee paying one half of the Retainer, unless they otherwise agree. JHA will return any unearned portion of the Retainer equally to the Parties to the extent amounts paid to JHA exceed the Mediator's fees and expenses as documented by his invoice(s) (accompanied by time entries and explanation for any reimbursable expenses).

15. The Trustee is authorized to expend funds in the amount of $10,000 from Defendant's estate to pay his proportionate share of the Retainer upon entry of this Order.

16. To the extent fees and expenses are incurred by the Mediator above the amount of the Retainer, the Trustee is authorized to pay the estate's portion of such additional fees and expenses to the Mediator without further Order of the Court, so long as such additional fees and expenses are reasonable and documented and in accordance with Paragraph 12 hereof.

17. The Parties are authorized to enter into a more detailed Mediation Agreement, so long as it is not inconsistent with this Order or any Guidelines or Local Rules of this Court; provided however, that to the extent there may be deemed to be any inconsistencies, this or any further order of the Court, the Court's Guidelines, and the Local Rules of this Court will control.

18. To facilitate the mediation, the Pending Deadlines shall be extended to September 30, 2023, without prejudice to any requests for further extension.

19. The Court shall retain jurisdiction to enforce the terms and conditions of this Order.

**IT IS SO ORDERED.**

Dated: June 21, 2023
      New York, New York

                                             **/s/ Martin Glenn**
                                             MARTIN GLENN
                                             Chief United States Bankruptcy Judge