Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Litigation Counsel for Salvatore
LaMonica, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| BMT DESIGNERS & PLANNERS, INC., | Case No. 22-10123 (MG) |
| Debtor. | |

**SUMMARY SHEET**

**FIRST INTERIM AND FINAL APPLICATION OF AMINI LLC,
SPECIAL LITIGATION COUNSEL FOR THE TRUSTEE, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Applicant: | Amini LLC |
| Retention date: | July 11, 2022 |
| Compensation period: | July 11, 2022- January 26, 2024 |
| Compensation requested by application: | $100,000 |
| Expenses requested by application: | $3,558.20 |
| Total requested by application: | $103,558.20 |

This is a: X interim application    X final application

**SUMMARY OF TIME BILLED**

| Name | Title | Admitted | Hours Billed | Hourly Rate | Total Fees |
|---|---|---|---|---|---|
| Bijan Amini | Partner | 1985 | 5.2 | $900 | $4,680 |
| Avery Samet | Partner | 2004 | 21.6 | $650 | $14,040 |
| Reece Dameron | Associate | 2014 | 202.8 | $500 | $101,400 |
| Jeffrey Chubak | Associate | 2007 | 1.8 | $500 | $900 |
| Brandon Hicks | Paralegal | -- | 68.7 | $150 | $10,305 |
| Sydney Calhoun | Paralegal | -- | 149.3 | $150 | $22,395 |

Total attorney and paralegal hours billed: 449.4[1]
Blended hourly rate, excluding paralegal time: $522.99

---

[1] Fees capped at $100,000 pursuant to the retention order.  (ECF Doc. #122.)

## ITEMIZATION OF EXPENSES

| Expense Type | Amount |
|---|---|
| Discovery vendor charges | $3,364 |
| PACER | $194.20 |

Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
Special Litigation Counsel for Salvatore
LaMonica, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 7 |
| BMT DESIGNERS & PLANNERS, INC., | Case No. 22-10123 (MG) |
| Debtor. | |

**FIRST INTERIM AND FINAL APPLICATION OF AMINI LLC,
SPECIAL LITIGATION COUNSEL FOR THE TRUSTEE, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Amini LLC, special litigation counsel for Salvatore LaMonica, solely in his capacity as Chapter 7 trustee ("Trustee") of the estate of the above-named debtor, submits its first and final application for allowance of compensation for services rendered from July 11, 2022-January 26, 2024 ("Compensation Period") in the amount of $100,000 and reimbursement of actual, necessary expenses during such period in the amount of $3,558.20, pursuant to 11 U.S.C. §§ 330-331, Rule 2016 and Local Rule 2016-1.

The retention order is attached as Exhibit 1. Time and expense detail is attached as Exhibit 2.[2] The certification required by the amended guidelines for professional fees and disbursements is attached as Exhibit 3.

---

[2] Time billed exceeds the $100,000 cap provided in the retention order. (ECF Doc. #122.)

1

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this application under 28 U.S.C. §§ 157(a) and 1334(b), and General Order M-431 (amended standing order of reference). This is a core proceeding under 28 U.S.C. § 157(b)(2). This case is properly venued in this district under 28 U.S.C. § 1408.

## BACKGROUND

2.      The debtor operated as a maritime-oriented high-end design house and technical consulting firm and provided engineering and consulting services under various service contracts, many of which were with the branches of the United States miliary. Much of its business involved commercial and military vessels design under existing government contracts, which also required the engagement of multiple subcontractors.

3.      This case was commenced primarily as a result of losses incurred in servicing a subcontract with Vigor Works, LLC ("Vigor"), to design a new boat for the United States Army.[3]

4.      The contract was entered into March 8, 2018 and provided for BMT to be paid on a fixed price basis. It also provided that if there were any dispute between the debtor and Vigor or the Army, the debtor was required to continue working according to Vigor's instructions unless Vigor defaulted on its payment obligations.

5.      Beginning in late 2020, a dispute arose with the Army concerning contract requirements, with the Army interpreting it to require additional work the debtor had not planned for. At its November 2020 board meeting, the debtor's president informed the board that the

---

[3] The Maneuver Support Vessel (Light) ("MSV(L)"), a next generation landing craft to replace the LCM-8.

subject contract would place "significant strain" on the business's cash flow over the next two years.

6. The debtor also lost access to its bank line of credit. In November 2020, BMT's former lender, SunTrust Bank, decided not to renew the line of credit for noncompliance with a tangible net worth covenant.

7. Over the course of 2021, the debtor continued incurring losses for its work on the MSV(L) project. It also sought a loan from its ultimate parent BMT Group, Ltd. ("BMT Group"), a British limited company. BMT Group's direct control of the debtor was limited by a proxy agreement pursuant to 28 C.F.R. § 117.11, the Foreign Ownership, Control or Influence ("FOCI") regulations imposed by the Defense Counterintelligence and Security Agency ("DCSA") which required DCSA approval of any loan from BMT Group.

8. The debtor's cash position deteriorated further late 2021. Between October 2021 and January 2022, the debtor attempted to finalize a potential loan from BMT Group and get DCSA approval. DCSA approved the loan in late December 2021. However, on January 19, 2022, BMT Group's board of directors declined to approve the loan.

9. BMT filed its bankruptcy petition on February 1, 2022. That month the Trustee received two letters from affiliates requesting permission to continue working on the debtor's contracts.

10. Amini LLC was employed (ECF Doc. #122) to investigate whether viable claims exist relating to the commencement of this case, and the decisions and actions of the debtor's officers, directors, controlling parties and other professionals leading up to the filing, investigate and determine the terms and extent of coverage of D&O coverage and investigate the existence of any claims against the debtor's officers and directors.

## DESCRIPTION OF SERVICES RENDERED

11. Guidelines ¶A(4)(i) requires that time detail be arranged by project category. All time detail covered by this application relates to the investigation. Amini LLC is not seeking compensation for time devoted to its retention or this fee application.

12. Generally speaking, the investigation focused on whether the debtor was being effectively and honestly managed. The February 2022 letters, along with BMT Group's refusal to extend loans to the debtor, raised concerns about whether BMT Group forced its affiliate into bankruptcy to usurp its contracts.

13. Amini LLC also investigated potential malpractice claims relating to WARN Act advice received.

14. In relation to its investigations, Amini LLC reviewed the debtor's records, financial statements, communications and other ESI, as well as documents turned over by BMT Group and prepetition employment counsel under 11 U.S.C. § 542. Amini LLC interviewed certain witnesses and also reviewed the debtor's directors and officers liability insurance policy. Finally, Amini analyzed the existence and likelihood of success on potential claims, including fiduciary duty claims.

15. Amini LLC summarized its findings as to the potential fiduciary duty-related claims investigated in a memorandum to the Trustee, and separately advised the Trustee with respect to the potential malpractice claims.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

16. Section 330 provides that a court may award a professional person employed under section 327 "reasonable compensation for actual services rendered … and reimbursement for actual, necessary expenses."

4

17. Section 330 also sets forth criteria for the award of such compensation and reimbursement, including the time expended, the nature and extent of services rendered and the costs of comparable services other than in a case under this title.

18. "[W]hen determining the reasonableness a court 'must not penalize attorneys by viewing the efforts of counsel with the benefit of '20/20 hindsight.'" *In re Parkview Care and Rehabilitation Center, Inc.*, No. 08-bk-71867, 2010 WL 3517069, at *4 (Bankr. E.D.N.Y. Sept. 7, 2010) (quoting *In re Korea Chosun Daily Times, Inc.*, 337 B.R. 758, 767 (Bankr. E.D.N.Y. 2005)). Indeed, this approach is required by 11 U.S.C. § 330(a)(3)(C) which states reasonableness depends on "whether the services were necessary to the administration of, or beneficial *at the time at which the service was rendered*" (emphasis added). *See also In re Cenargo Int'l, PLC*, 294 B.R. 571, 595 (Bankr. S.D.N.Y. 2003) ("the Court must conduct an objective inquiry, 'based upon what services a reasonable lawyer or legal firm would have performed in the same circumstances.' *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 72 (2d Cir. 1996). The focus is on what a reasonable lawyer would have done at the time; the Court should not invoke perfect hindsight. *In re Angelika Films 57th, Inc.*, 227 B.R. 29, 42 (Bankr. S.D.N.Y. 1998), *aff'd sub nom. Tenzer Greenblatt LLP v. Silverman*, 246 B.R. 176 (S.D.N.Y. 2000)").

19. Amini LLC submits that the investigation undertaken was necessary and beneficial at the time its services were rendered, given inter alia the circumstances surrounding the filing; and therefore its requested compensation and expenses should be allowed.

## **NOTICE**

20. In accordance with Rule 2002(a)(6), notice of the hearing on this application has been served on the Debtor and all creditors. Notice has also been served on the Office of the United States Trustee.

WHEREFORE, this first interim and final fee application should be granted.

Dated: New York, New York  
      October 30, 2024

Amini LLC

/s/ Jeffrey Chubak  
Avery Samet  
Jeffrey Chubak  
131 West 35th Street  
12th Floor  
New York, NY 10001  
(212) 490-4700  
asamet@aminillc.com  
jchubak@aminillc.com  
Special Litigation Counsel for Salvatore LaMonica, Chapter 7 Trustee